SIEGFRIED RITZAU, DOING BUSINESS AS SIEGFRIED RITZAU PAINTING AND DECORATING AND ALSO KNOWN AS SIEGFRIED RITZAU PAINTING-DECORATING, APPELLEE AND CROSS-APPELLANT, v. WIEBE CONSTRUCTION CO., A NEBRASKA CORPORATION, APPELLANT AND CROSS-APPELLEE, IMPLEADED WITH HOUSING AUTHORITY OF THE CITY OF OMAHA ET AL., APPELLEES AND CROSS-APPELLEES.

214 N. W. 2d 244

Filed January 11, 1974. No. 39059.

Wayne J. Mark of Fraser, Stryker, Marshall & Veach, for appellant.

Richard J. Coenen and Charles L. Titus of Bradford & Bloch, for appellee Ritzau.

Heard before WHITE, C. J., BOSLAUGH, McCOWN, and CLINTON, JJ., and COLWELL, District Judge.

COLWELL, District Judge.

This is an action by plaintiff-appellee, Siegfried Ritzau, to recover from defendant Wiebe Construction Co., Inc., the reasonable value of labor performed and materials furnished at the oral request of that defendant, all in addition to the terms of and consideration for a written contract between those same parties. Plaintiff also claims prejudgment interest and attorney's fees. The St. Paul Fire and Marine Insurance Company was a defendant in the original pleadings and trial. All defendants answered by their general denial. On trial, judgment was entered for plaintiff against defendant Wiebe on a jury verdict for $16,326.25. Wiebe appeals; we affirm. The trial court denied plaintiff's motion for prejudgment interest and attorney's fees. Plaintiff cross-appeals. We affirm.

In 1968, the Housing Authority of the City of Omaha contracted with Wiebe as general contractor to build two separate 13-story housing facilities for the elderly in Omaha, Nebraska. Wiebe as principal and the St. Paul Fire and Marine Insurance Company as surety executed

a performance bond as provided by section 52-118, R. R. S. 1943. Subsequently plaintiff, as a subcontractor, undertook to paint the interior of the two buildings, except ceilings and kitchen cabinets, pursuant to a written contract with Wiebe for the agreed consideration of $60,000. Plaintiff commenced work in January or February 1970. On May 23, 1970, Paul Knoble as the clerk of the works, who supervised the construction generally for the Housing Authority, prepared a "punch list" which detailed the construction errors and omissions to be corrected by Wiebe as the general contractor before completion and acceptance. Wiebe, in turn, related the punch list to his respective subcontractors, who had the duties of compliance. There is a conflict in the evidence as to when the plaintiff completed his subcontract. Plaintiff asserts it was performed on or before June 12, 1970. Wiebe contends it was performed in October 1970, except $300 in items never performed or furnished and that all work done and materials furnished by plaintiff were in performance of the written contract.

Wiebe does not claim error in the submission to the jury of the questions of an oral contract between the parties and the implied promise to pay reasonable value for the work and materials. The jury could find from the evidence that between June 1 and June 10, 1970, Wiebe orally requested plaintiff to repaint a part of the interior of the two buildings required because of drywall construction repairs made by the drywall contractor, which made the painting on those surfaces unacceptable, after plaintiff had painted the original drywall surfaces; that there was an implied promise of Wiebe to pay plaintiff the reasonable value for this extra work and material; that plaintiff did perform extra work and furnish added material as requested in addition to the provisions of the written contract; and that plaintiff did repaint about 30 percent of the two buildings.

Wiebe contends it was error for the trial judge to ad-

mit into evidence over objections certain of plaintiff's. payroll records covering the period of June 12 to November 1970, claiming the evidence did not conform to section 25-12,109, R. S. Supp., 1972, of the Uniform Business Records as Evidence Act. The record shows that when these payroll records were offered, Wiebe did not object to the offer for the reason now asserted, but, rather, objected in substance that: (1) The records did not conform to the conditions of the general contract; (2) they were uncertified as required by the contract; and (3) they were copies and not the best evidence. The trial judge made proper inquiry as to the unavailability of the originals. Wiebe cannot now on appeal for the first time assert a new objection to the offer of the evidence. We find no prejudicial error in the ruling of the court. See, § 25-853, R. R. S. 1943; Dorn v. Sturges, 157 Neb. 491, 59 N. W. 2d 751.

When Wiebe offered the punch list on the direct examination of witness Knoble, plaintiff challenged the offer on the ground that the punch list related to the written contract and was not relevant. The objection was sustained. Wiebe urges this as prejudicial error. The punch list was in two volumes, exhibits 14 and 15, containing 218 legal-length typewritten pages and about 6,000 separate requirements for Wiebe's correction. The list specified areas and locations where the corrections were required, but no subcontractor was identified on the punch list by name therein or otherwise. At the time of the offer there was no direct evidence in the record connecting the punch list or any item therein with the issues. The court was not informed by Wiebe's counsel of any proposed connection to be later offered to establish relevancy. To allow the punch list to be a part of the evidence at that time, without further foundation, would provide the jury with a source of speculation. "* * * it is the duty of the court to rule upon the admissibility of evidentiary facts when they are offered in

evidence, their relevancy should then appear or the court should be informed as to the connection in which they will become relevant; and where necessary, proper connecting proof should be made or offered, * * *." 1 Jones on Evidence (6th Ed.), § 4:60, p. 513. The trial court within its discretion properly denied admission of the exhibits into the record. The exhibits were not later reoffered. There was no prejudice to Wiebe. See § 25-853, R. R. S. 1943.

The last claim of error made by Wiebe is that the evidence was insufficient to support a jury verdict for damages with reasonable certainty. He argues that in this case it was necessary for plaintiff to present evidence with particularity of the number of labor hours spent and the cost of materials used. Plaintiff's proof on damages was supported by evidence of payroll records; purchase orders of material; and a statement and claim made to Wiebe for labor and material dated September 16, 1970, for $16,326.25 for submission by Wiebe to Omaha Housing Authority. Plaintiff testified as to the reasonable value of the labor and material based upon his 18 years of experience in that trade. Donald A. Nickels and Jack Jones, foreman for plaintiff on the two building sites, gave their opinion as to the reasonable value of the labor performed and materials furnished based upon their experience in that line of work. The evidence also includes a letter dated October 23, 1970, from Wiebe Construction Company, signed by Russell E. Cook, project engineer, and sent to the Housing Authority of the City of Omaha, as follows:

"Re: Claim for Additional Painting

Dear Lee:

Please accept this as our Claim in the amount of $16,351.00 for painting required over and above the contract requirements. The breakdown of this amount is as follows:

| Ritzau Claim | $15,425.00 |
|---|---|
| Markup | 926.00 |
| TOTAL | $16,351.00 |

A copy of Ritzau Painting's letter dated September 16, 1970, is enclosed to substantiate the above information. Your early action on this matter will be appreciated."

Witness Cook explained that the item of "Markup $926.00" represented Wiebe's 6 percent charge for handling and presenting plaintiff's claim to the Omaha Housing Authority.

"There being no specific standard by which reasonable value of labor and materials furnished shall be proved, prima facie proof thereof is made where a reasonable inference of such value flows from the evidence adduced." Sorensen Constr. Co. v. Broyhill, 165 Neb. 397, 85 N. W. 2d 898. "The opinion of a qualified witness as to the value of the services is admissable to prove such value when his testimony will aid the jury. * * *." Comstock v. Evans, 159 Neb. 739, 68 N. W. 2d 351. There was no error in submitting this issue to the jury, and the record supports the verdict and judgment of $16,326.25 for plaintiff against defendant Wiebe.

Plaintiff's cause of action against Wiebe was founded in quantum meruit on his claim for the fair and reasonable value of labor performed and materials furnished. On the evidence and the record, there was a reasonable controversy as to plaintiff's right to recover and the amount thereof. The plaintiff's claim was unliquidated. The denial of plaintiff's motion for prejudgment interest was correct. See Lundt v. Parsons Constr. Co., 181 Neb. 609, 150 N. W. 2d 108.

Plaintiff urges that he should be allowed a reasonable attorney's fee as provided in section 44-359, R. S. Supp., 1972, and the terms of the performance bond given by Wiebe as principal to the Omaha Housing Authority. Section 44-359, R. S. Supp., 1972, provides: "In all cases

where the beneficiary, or other person entitled thereto, brings an action *upon any type of insurance policy* * * * against any company, person or association doing business in this state, the court, *upon rendering judgment against such company, person or association,* shall allow the plaintiff a reasonable sum as an attorney's fee. * * *. * * * the appellate court shall likewise allow a reasonable sum as an attorney's fee * * *." (Emphasis supplied.) Here the issue of the liability of the defendant St. Paul Fire and Marine Insurance Company, Inc., as surety on the performance bond was not presented to the jury by the court's instructions. The jury verdict and the judgment entered by the court were against only defendant Wiebe. The trial court's denial of plaintiff's motion for an attorney's fee was correct and no fees are recoverable in this court.

AFFIRMED.

CLINTON, J., dissents.