WILSON CONCRETE COMPANY, APPELLEE AND CROSS-APPELLANT, v. A. S. BATTIATO CONSTRUCTION CO., APPELLANT AND CROSS-APPELLEE.

241 N. W. 2d 819

Filed May 19, 1976. No. 40269.

Frederick S. Cassman of Abrahams, Kaslow & Cassman, for appellant.

Wayne J. Mark of Fraser, Stryker, Veach, Vaughn & Meusey, for appellee.

Heard before WHITE, C. J., McCOWN, NEWTON, and BRODKEY, JJ., and KORTUM, District Judge.

KORTUM, District Judge.

This is an action by the plaintiff, a fabricator of precast construction materials, upon a written contract to recover the balance due under said contract.

The plaintiff manufactured and erected for the defendant general contractor certain concrete double tee slabs used in the construction of a commercial apartment complex. The total contract price was $31,000 and the defendant made a payment of $15,000, leaving a remaining balance due of $16,000.

The defendant acknowleged the contract but in its answer and counterclaim alleged that the double tee

slabs were defective and were not manufactured in accordance with the plans and specifications of the contract. The defendant asserted it had been damaged by the breach of warranty and also that it had incurred expenses to overcome and correct the defects in the double tee slabs.

The trial judge determined as a matter of law that there had been substantial performance on the written contract by the plaintiff and that the defendant had breached the contract by its refusal to pay the balance due.

The jury found that the plaintiff had breached the written contract by failing to provide double tee slabs which were free from defects and deficiencies. The jury further found that the defendant had incurred expenses of $1,972 in correcting the deficiencies and deducted that amount from the $16,000 claimed due by the plaintiff.

Upon the plaintiff's motion for an award of interest, the trial court apparently found that the defendant had received 75 percent of the value of the double tee slabs delivered with a value of $23,250. After giving the defendant credit for the payment of $15,000, the court found that of the $14,028 jury verdict, $8,250 was liquidated and therefore awarded interest at 8 percent on $8,250 from and after September 18, 1972, for a total judgment of $15,816.33.

The defendant's first assignment of error relates to the refusal of the trial court to admit evidence offered by the defendant as to the fair and reasonable market value of the double tee slabs at the time they were delivered and erected by the plaintiff.

The answer and counterclaim of the defendant set forth the defects claimed and further alleged that the defendant had been required to incur additional expense in order to repair and overcome such defects.

The evidence at trial clearly showed that the problems which arose because of the defective condition of the

double tee slabs had been corrected. The tees as delivered and corrected served the structural function for which they were intended and evidence showed the building to be structurally safe.

Where defects in a building being constructed under a building contract are remediable without materially injuring or reconstructing any substantial portion of the building, the damage which the owner is entitled to recover is the expense of making the work conform to contractual requirements. Jones v. Elliot, 172 Neb. 96, 108 N. W. 2d 742. See, also, Graham v. Anderson, 121 Neb. 733, 238 N. W. 362.

The value of the double tee slabs delivered to the construction site was not placed in issue by the pleadings. The right to introduce evidence depends upon there being an issue of fact raised by the pleadings to which the evidence is relevant. See Midland-Ross Corp. v. Swartz, 185 Neb. 484, 176 N. W. 2d 735.

At the time the testimony of Anthony S. Battiato was offered to show the fair and reasonable value of the double tee slabs at the time of delivery and erection by the defendant, there was no showing by the defendant that the defects alleged were not remediable without substantial injury or reconstruction of the building. As this court recently held in Ritzau v. Wiebe Constr. Co., 191 Neb. 92, 214 N. W. 2d 244, it is the duty of the trial court to rule upon the admissibility of evidentiary facts when they are offered in evidence. Their relevancy should then appear or the court should be informed as to the connection in which they will become relevant.

The trial court later in the trial allowed the defendant to introduce testimony of Roland Waite, president of the defendant corporation, on the value of the tees at the time of their delivery and erection. Nothing appears in the record to indicate that Anthony S. Battiato could not have been recalled or that other similar testimony was refused admittance. No prejudicial error occurred as assigned by the defendant.

The defendant next assigns as error the action of the trial court in allowing prejudgment interest on $8,250 which apparently represented the $23,250 or 75 percent of the contract price minus the $15,000 payment made by the defendant.

The crucial determination to be made here is whether or not the amount claimed due under the contract at the time of substantial completion was a liquidated sum.

The rule has been firmly established in Nebraska that where the amount due under a contract or claim is subject to reasonable controversy and is incapable of being fixed by computation, recovery of interest may be had only from the date of the determination of the right of recovery and the amount thereof. Muller Enterprises, Inc. v. Gerber, 178 Neb. 463, 133 N. W. 2d 913.

Both parties cite and rely upon Socony Mobile Oil Co., Inc. v. Klapal (Neb., 1962), 205 F. Supp. 388. In that case plaintiff brought an action to recover $11,201.46 of which $8,384.11 was undisputedly due and owing. The balance of $2,817.35 was disputed and in fact the defendant counterclaimed and alleged delivery of defective fuel which comprised the $2,817.35 and claimed damages resulting from such defects. That court decided that the plaintiff was entitled to interest on its judgment of $8,384.11 because such amount was liquidated and more importantly because the counterclaim did not relate to defects in the products represented by the $8,384.11. The holding seems to indicate that the total claim of the plaintiff was separable into a portion liquidated and not disputed and a portion which was allegedly defective and disputed, and this is clearly distinguishable from the present case.

In determining whether a claim is liquidated and undisputed it becomes difficult if not impossible to color match different factual situations to cover every controversy and we do not attempt to do so here. While it is true that the contract price was fixed, the counterclaim of the defendant and the evidence adduced there-

under was not capable of being definitely ascertained by mere computation as of September 18, 1972. It would not have been possible on that date to make a determination of the balance due, if any, under the contract.

A substantial dispute existed between the parties as to the amount due and owing under the contract because of the alleged defects. The amounts due, if any, between the parties were ascertainable only by a trial of the issues and were properly determined by the verdict of the jury in this case.

We conclude that the recent case of Hays v. County of Douglas, 192 Neb. 580, 223 N. W. 2d 143, is controlling here. In that case we held that if the right to damages for breach of contract is a matter of reasonable litigation, and the amount to be recovered, if any, is unliquidated and must be fixed, not by mere computation, but by suit, interest may not be allowed for the time precedent to the settlement of the right to a recovery and the ascertainment of the amount.

We therefore modify the judgment of the District Court and hold that interest on the judgment of $14,028 be allowed at 8 percent from date of entry of the judgment. In all other respects the judgment of the District Court is affirmed.

The issues raised by the plaintiff in its cross-appeal having been determined herein, plaintiff's cross-appeal is dismissed.

AFFIRMED AS MODIFIED.