709 F.2d 1221
 John KAUS, d/b/a John Kaus Real Estate Service and Robert
Thompson, Appellees,
v.
Alex BIDEAUX and Mary Bideaux, Appellants.
John KAUS, d/b/a John Kaus Real Estate Service and Robert
Thompson, Appellants,
v.
Alex BIDEAUX and Mary Bideaux, Appellees.
 Nos. 82-2376, 82-2413.
 United States Court of Appeals,
Eighth Circuit.
 Submitted June 13, 1983.
Decided June 17, 1983.
 
 Luckey, Sipple & Hansen, Mark M. Sipple, Columbus, Neb., for appellants.
 Edward D. Hotz, Hotz, Kizer & Jahn, P.C., Omaha, Neb., for John Kaus, d/b/a John Kaus Real Estate Service and Robert Thompson, Appellees.
 Before HEANEY, Circuit Judge, and HENLEY and BAILEY BROWN,* Senior Circuit Judges.
 PER CURIAM.
 
 
 1
 This diversity action involves the efforts of two real estate brokers to recover the balance of a commission allegedly earned through their arrangements for the sale of certain commercial property. Defendants Alex and Mary Bideaux seek reversal of a judgment entered in favor of the plaintiff-brokers, John Kaus d/b/a Kaus Real Estate Service and Robert H. Thompson; plaintiffs in turn contest the district court's refusal to award prejudgment interest in this case.
 
 
 2
 The facts from which this action arises are essentially undisputed. In May of 1978 the defendants, Nebraska residents, entered into an exclusive listing agreement with plaintiffs, real estate brokers based in Iowa, for the sale of defendants' bowling alley and lounge located in Schuyler, Nebraska. The agreement specified the terms for sale, including a commission in the amount of 10% of the sales price, and was to be effective for a term of six months.
 
 
 3
 Plaintiffs were unable to sell the property during the term of the listing agreement, and that contract expired, according to its terms, on November 11, 1978. After that date, no additional written listing agreements were entered into between the parties. Following the expiration of the original agreement, however, the Bideauxs directed plaintiffs to continue their efforts to sell the property. The parties verbally agreed that the commission to be paid in the event the property was sold would be the same as that recited in the expired agreement.
 
 
 4
 From November of 1978 through September of 1980, plaintiffs showed the bowling alley to several prospective purchasers. In May of 1980 they began negotiating with Mr. and Mrs. Joseph Prazak concerning the purchase of the property. On October 9, 1980 the Prazaks and the defendants executed a purchase agreement reciting a total price, excluding inventory, of $285,000.00. Pursuant to the terms of this agreement, the Prazaks made a payment of $5,000.00 as earnest money; this sum was placed in an escrow account and subsequently applied to the commission allegedly due plaintiffs.
 
 
 5
 The sales transaction between defendants and the Prazaks was closed on December 1, 1980, with the terms of sale set out in a land contract executed by those parties on the same date. On December 9, 1980 defendants issued a check in the amount of $10,000.00 to plaintiffs as partial payment of the commission due. This payment left a remaining balance of $13,500.00. During the next two months, the parties apparently had one or more conversations concerning the time for payment of the outstanding balance.
 
 
 6
 In the meantime, the Prazaks defaulted on the land contract after having made five monthly payments. Defendants thereafter initiated a foreclosure action to retake possession of the property, and also refused to pay the remainder of the commission. As a result, plaintiffs then commenced this diversity action to recover the balance of the commission, along with prejudgment interest, as provided by Nebraska law. After trial to the bench, the district court entered judgment in favor of the plaintiffs in the amount of $13,500.00, the unpaid portion of the commission, but refused to award prejudgment interest. This appeal and cross-appeal followed.
 
 
 7
 Defendants' primary contention is that the district court erred in concluding that Neb.Rev.Stat. Sec. 36-107, which requires that sales agreements between real estate brokers and owners be in writing, did not bar plaintiffs from recovering the remaining balance of the commission. In reaching this conclusion, the court reasoned that this statute, an extension of the statute of frauds, see Svoboda v. De Wald, 159 Neb. 594, 68 N.W.2d 178, 181 (1955), would not operate to preclude recovery because plaintiffs had fully performed under the oral agreement, and that principles of equity and fairness required that the statute "not be allowed to shield defendants against plaintiffs' legitimate claim for services which were honestly rendered." Our review convinces us that the district court's conclusion was correct, and we affirm the judgment in favor of the plaintiffs on the basis of that court's well-reasoned opinion.
 
 
 8
 As indicated, the district court refused to award prejudgment interest in this case, on the ground that plaintiffs' right to recover the unpaid balance of the commission was a matter of reasonable controversy. Under Nebraska law, "where the amount due on a contract or claim is subject to reasonable controversy and is incapable of being fixed by computation, recovery of interest may be had only from the date of the determination of the right of recovery and the amount thereof." Wilson Concrete Co. v. A.S. Battiato Construction Co., 196 Neb. 185, 241 N.W.2d 819, 821 (1976); Neb.Rev.Stat. Sec. 45-104. Prejudgment interest is allowed as a matter of right, however, where the amount due on a contract claim is liquidated. Fleming Realty & Insurance, Inc. v. Evans, 199 Neb. 440, 259 N.W.2d 604, 608 (1977) (quoting Abbott v. Abbott, 188 Neb. 61, 195 N.W.2d 204, 209 (1972)). A claim is considered liquidated "if the evidence furnishes data which, if believed, makes it possible to compute the amount with exactness, without reliance upon opinion or discretion." Abbott, 195 N.W.2d at 209. The "key consideration" in determining whether prejudgment interest is to be allowed "is whether the claim is liquidated ...." Central National Insurance Co. v. Devonshire Coverage Corp., 565 F.2d 490, 499 (8th Cir.1977).
 
 
 9
 In the present case, no real dispute existed with respect to the amount of the commission remaining due, and this figure was clearly capable of determination by computation, without reliance on opinion or discretion. See Fleming Realty, 259 N.W.2d at 608. Indeed, the defendants recognized that $13,500.00 remained unpaid. The issue presented at trial pertained instead to the enforceability of the oral agreement between the parties. Thus, it is clear that plaintiffs' claim was liquidated, and in our opinion prejudgment interest should therefore have been awarded in this case.
 
 
 10
 In sum, we affirm the judgment of the district court in favor of the plaintiffs, as modified to allow prejudgment interest from the date the transaction between the Prazaks and defendants was closed.
 
 
 
 *
 The Honorable Bailey Brown, United States Senior Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation