DOUGLAS MICHAEL DELANEY, APPELLANT, V. LINDA FERN DELANEY, APPELLEE.

382 N.W.2d 16

Filed February 21, 1986.   No. 85-265.

William G. Line and David G. Hartmann of Kerrigan, Line & Martin, for appellant.

John R. Bellavia, Jr., of Bellavia Law Office, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

The petitioner-appellant father, Douglas Michael Delaney, appeals from that portion of the trial court's dissolution decree which places custody of the parties' minor child, Melinda, with the respondent-appellee mother, Linda Fern Delaney. We reverse and remand for the entry of a decree which places custody of the child with the father.

The parties were married at Fremont, Nebraska, on April 20, 1979. Melinda was born on November 2, 1980, making her 4 years old at the time of trial. The father was 39 years old at the time of trial and the mother 36.

The parties lived in Fremont until late 1982 when they moved to Texas. The father returned to Fremont in August of 1983; the mother moved first to one town in Colorado and then to Cripple Creek, Colorado, where she was living at the time of trial.

The father has been a truckdriver most of his adult life. At the time of trial he traveled and was able to spend only about 1½ to 2 days a week at home. He testified that if he were to be awarded custody of Melinda, he would try to get work which would keep him at home more. During the time the father had Melinda's custody under a prior order of the court, from July 1984 to the time of the dissolution decree, February 19, 1985, the child lived with the father's parents at their farm. The evidence is that Melinda was happy and enjoyed being with her paternal grandparents, whom the mother characterizes as good and loving people.

The evidence establishes that beginning in 1982, the mother began to spend the nights away from the parties' home, until the early morning hours. She admits to having had three sequential sexual relationships, one in Fremont and two after the move to Texas. In fact, she moved from Texas to Colorado

to live with one of the men, whom the child calls "Daddy Don," but she left his mountain home a few weeks before the trial and moved into a two-bedroom house in town so that her two sons from a prior marriage could be nearer their school. Although at one time she thought of marrying the man with whom she had lived, she now describes their relationship as that of good friends. The mother was not employed at the time of trial but had worked from time to time as a waitress and as a barmaid. Her income at the time of trial consisted of child support payments for her two sons, food stamps, and financial help from her mother. She testified that she hoped to obtain employment at the mine in Cripple Creek or at one of the curio shops.

While there is evidence that the father at times drank to excess and mistreated the mother, the mother herself admits that he never at any time mistreated the child.

Custody matters are initially entrusted to the sound discretion of the trial judge, which matters, on appeal, will be reviewed de novo on the record and affirmed in the absence of an abuse of the trial judge's discretion. In that review we will, where the evidence is in conflict, give weight to the fact that the trial judge observed and heard the witnesses and accepted one version of the facts rather than another. *Chalupa v. Chalupa*, 220 Neb. 704, 371 N.W.2d 706 (1985).

Our review convinces us that the trial court did abuse its discretion. The father has demonstrated a better ability to provide the child with a stable and wholesome environment than has the mother. It is true that placing custody with the father will likely mean the child will spend more of her time with his parents than with him. On the other hand, the mother's future employment just as likely means that neither will she be able to spend all of her time with the child.

In view of that determination we need not, and therefore do not, consider the father's other assignments of error.

The cause is remanded for the entry of a decree placing custody of the child in and with the father and giving the mother reasonable rights of visitation.

REVERSED AND REMANDED WITH DIRECTION.