DALE THOMAS AINSWORTH, APPELLANT, V. BARBARA JEAN
AINSWORTH, APPELLEE.

396 N.W.2d 285

Filed November 21, 1986.    No. 85-968.

Jerry J. Milner, for appellant.

L.W. Kelly, Jr., of Kelly & Kelly, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

This is an appeal in a proceeding for dissolution of a marriage. The trial court dissolved the marriage; divided the property of the parties; awarded custody of the minor children to the respondent, Barbara Jean Ainsworth, subject to reasonable rights of visitation in the petitioner, Dale Thomas Ainsworth; and awarded child support.

The sole issue on appeal is the award of custody of the minor children to the respondent.

The parties were married on June 16, 1979. They have two children: Tonya Maria, born December 1, 1979, and Crystal Gail Ann, born August 25, 1981.

The parties separated in mid-October of 1984. From that time until December 3, 1984, the respondent had custody of the children during the week, while the petitioner had custody on weekends.

When the petition for dissolution of the marriage was filed, the trial court, by an ex parte order, awarded temporary custody of the children to the petitioner. On December 27, 1984, the parties stipulated to joint custody, pending trial, which gave

the parties custody on alternating weeks.

Trial was had on July 12, 1985. On August 26, 1985, the trial court awarded custody of the children to the respondent. From that order the petitioner has appealed.

The petitioner contends the trial court abused its discretion in awarding custody to the respondent, because there is considerable evidence raising doubt as to the respondent's moral fitness, stability, and capacity to provide for the physical care and needs of the children.

Although our review of the judgment is de novo on the record, child custody determinations are matters initially entrusted to the sound discretion of the trial court. On appeal the judgment of the trial court will be affirmed in the absence of a clear abuse of discretion. *Clark v. Clark*, 220 Neb. 771, 371 N.W.2d 749 (1985). We also "give weight to the fact that the trial judge observed and heard the witnesses and accepted one version of the facts rather than the other." *Id.* at 777, 371 N.W.2d at 754. The paramount consideration in determining who should have the care and custody of minor children following dissolution of a marriage is the best interests of the children. *Id.*

The petitioner claims the respondent is of questionable moral fitness based on evidence that she sometimes stayed out late following her night shift job in 1983, that she moved in with a boyfriend and his parents shortly after the separation, and that she "allowed" the children to look at pornographic magazines. The record does not show that the incidents of staying out late occurred after 1983, some 2 years prior to trial. Further, the record shows that the children were not uncared for on the occasions when the respondent stayed out late in 1983, as the petitioner, who worked a day job, was at home with the children.

According to the respondent, she moved in with her then boyfriend's family around December 1, 1984, because of financial considerations. On December 3 the court's ex parte order awarded temporary custody of the children to the petitioner, so that the respondent only had custody on weekends. The respondent testified that when she did have the children, she and the children slept in a room separate from the

boyfriend. The respondent stopped seeing the boyfriend on a personal basis in mid-December of 1984.

Following entry of the order of joint custody on December 27, the respondent moved to a two-bedroom trailer in Doniphan, Nebraska, where she resided at the time of trial.

The petitioner contends the respondent could not provide a stable environment, as evidenced by the fact that she lived in four different residences and with two different families in the $2^{1}/_{2}$ months following the couple's separation. The respondent's testimony indicates that immediately following the separation she and the two children moved in with friends in Grand Island, Nebraska, for approximately 2 weeks. From there the respondent moved into a Grand Island apartment. She stayed in that apartment for only 1 month because, at that time, she could not afford the rent. The respondent then moved in with the boyfriend's family, who did not charge her rent because they wanted to help her get back on her feet financially. Within a week of the December 27 joint custody order, the respondent moved into the Doniphan trailer, where she remained the 6 months prior to trial.

Finally, the petitioner contends there are serious doubts about the respondent's ability to provide for the physical care and custody of the children, based on evidence that she had poor housekeeping skills and did not always provide balanced meals, she was not always prompt in delivering or picking up the children at the day-care center, and she declined to have the children taken to a doctor after they had begun receiving treatments for head lice. The testimony as to the respondent's housekeeping skills related to the condition of the marital home when both parties lived there. This testimony reflected unfavorably on both parties.

The respondent testified that normally she prepares balanced meals, but does on occasion "slack off." The day-care provider testified by deposition that other than on two occasions, the respondent was prompt in delivering or calling for the children at the day-care center. On one occasion the respondent was late in retrieving the children because she had car trouble.

The record does not support an inference that the children

contracted head lice as a result of any fault in the respondent's care. In fact, the condition was discovered after the children had been with the petitioner for a few days. When the children were returned to the respondent the next week, she continued the treatments that had been prescribed by a physician. Later, the respondent declined the petitioner's suggestion to take the children to the physician, because the condition was "clearing up."

While the parties lived together, they both worked and were equally responsible for the care of the children. Except for the fact that the children were sometimes dressed in diapers, the petitioner noticed nothing unusual about the care the respondent provided for the children. The petitioner testified that there were no major problems experienced during the joint custody period pending trial. There is also evidence that the respondent has made many of the children's clothes and has stayed home from work with them when they were ill.

The record does not support a finding that the respondent was without the moral fitness, stability, or capacity to provide for the care and custody of the children. Both parties have a history of providing for the children, and the trial court did not clearly abuse its discretion in awarding custody to the respondent.

The judgment is affirmed. Each party shall pay his or her own costs.

AFFIRMED.