CLAYTON MILEY LUCE, APPELLEE, V. PAULINE MARIE SCHANCE, FORMERLY PAULINE MARIE LUCE, APPELLANT.

396 N.W.2d 287

Filed November 21, 1986.   No. 86-122.

Sandra I. Schefcik of Schefcik Law Firm, for appellant.

164

William C. Peters, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

Pursuant to agreement, the decree of dissolution placed custody of the parties' minor child jointly in the appellant mother and appellee father. Nine months after the decree, the mother alleged that the joint custody obligations were not being fulfilled and prayed that she be given sole custody of the child. The father responded by asking that sole custody be placed in him. Following a 2-day trial, at which the evidence overwhelmingly demonstrated that the parties had not been able to fulfill their respective joint custody obligations, and at which much conflicting evidence was adduced as to which parent should have sole custody, the district court terminated the joint custody arrangement and placed sole custody in the father. Upon de novo review we conclude that the record fails to show that the district court abused its discretion in so ruling. Under that circumstance the judgment of the district court is to be, and hereby is, affirmed. *Ainsworth v. Ainsworth, ante* p. 160, 396 N.W.2d 285 (1986).

Appellant shall pay the costs of this appeal, including $750 to apply toward the services of appellee's attorney in this court.

AFFIRMED.