KATHY STAMAN, APPELLANT, V. TROY STAMAN, APPELLEE. JOHN W. BALLEW, JR., GUARDIAN AD LITEM, APPELLANT.

408 N.W.2d 320

Filed July 2, 1987.    No. 86-745.

Robert M. Brenner of Robert M. Brenner Law Office, for appellant Kathy Staman.

Philip M. Kelly of Winner, Nichols, Douglas, Kelly and Arfmann, for appellee.

John Ballew, guardian ad litem.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

HASTINGS, J.

This is an appeal in a proceeding for dissolution of a

marriage. The trial court dissolved the marriage; divided the property of the parties; awarded custody of the minor children to the respondent, Troy Staman, subject to reasonable rights of visitation in the petitioner, Kathy Staman; and awarded child support.

The petitioner appeals the award of custody of the minor children to the respondent, the division of property, the determination that no alimony should be awarded, and the determination that the parties should bear their own attorney fees and court costs. The guardian ad litem also appeals the award of custody of the children to the respondent.

The parties were married May 24, 1980. Petitioner has one child, Cameron Snell, by a former marriage. Petitioner and respondent have two children as a result of the marriage—Brandon, born April 20, 1982, and Trevor, born June 22, 1983. Those two children are the subjects of the custody dispute.

The parties separated on January 29, 1986. Thereafter, petitioner and the three children established a home in Scottsbluff. Respondent continued to live on his parents' farm.

During the pendency of this matter petitioner had custody of Brandon and Trevor, but while petitioner was at work the boys spent their time with respondent. This arrangement proved difficult at best.

Trial was had on June 18 and 19, 1986, and again on August 13. In a memorandum opinion dated August 14, 1986, the court awarded custody of the two minor children to the respondent.

Petitioner and the guardian ad litem contend the trial court abused its discretion in awarding custody to the respondent. Petitioner and the guardian ad litem argue that the award of custody to the respondent goes against the great weight of the evidence and is clearly not in the best interests of the children.

It is true that the paramount consideration in determining who should have the care and custody of minor children following dissolution of a marriage is the best interests of the children and that our review in such a case is de novo on the record. *Ainsworth v. Ainsworth*, 224 Neb. 160, 396 N.W.2d 285 (1986). Child custody determinations are, however, matters initially entrusted to the sound discretion of the trial court. On appeal the trial court's determination will be affirmed in the

absence of a clear abuse of discretion. *Id*. Additionally, we give weight to the fact that the trial judge observed and heard the witnesses and accepted one version of the facts rather than the other. *Id*.

In this case the trial court wrote a memorandum opinion, in which it summed up the entire trial rather succinctly:

> Viewed negatively, the children have an adulterous, lying, substance abusing, social butterfly for a mother and a physically abusive, lying, sexually deviant recluse for a father. That would not be a very hopeful state of affairs from the kids' standpoint and I disbelieve both claims as exaggerations. . . .

> When the positive tint is used, there are many strengths to note.

> First, both parents have high quantities and qualities of family support.

> Second, both are intelligent, healthy, capable, and free of emotional disability. They are very different, but that is an asset from the standpoint of the childrens' [sic] exposure to role models and lifestyles.

> Third, the parents are living close enough to offer the prospect of continuing access to both parents.

> Fourth, except for litigation expenses, there are resources available to provide basic needs of housing, food, medical and educational services.

> Fifth, both parents genuinely love and care for the children and want to remain in their lives.

> Sixth, both parents have sought professional counsel to deal with their emotional setbacks caused by the breakup. Hopefully, that will continue.

> The only difference between these two parents viewed positively is that Troy has the opportunity to devote much more time to child care. From the standpoint of the best interests of the children, he should be awarded custody for this reason.

Although we do not approve of the expressed reason the trial court awarded custody of the children to respondent, that being that respondent had more time to devote to child care, we have read the record, as we are required to do, and believe that the

court's decision was not an abuse of discretion.

During the trial each party tried to establish that he or she was the primary caretaker of the children's physical and emotional needs. The truth, or as near as can be established, is that both parents were heavily involved with the care of these two children during the marriage. While petitioner was at work respondent took care of the boys. When petitioner came home from work she usually handled the care of the children and the household tasks. Both played with the children and tried to teach them what they needed to know.

Also, during the trial, each party tried to discredit the other. Petitioner presented evidence that respondent had physically abused Cameron Snell, while respondent presented evidence that petitioner had an extramarital affair. Both accusations were largely uncorroborated, and the court specifically noted that both were exaggerations. We agree with this determination. We also agree with the court's finding that both parents are fit and capable of having sole custody.

Thus, the court was faced with, as is often the case, the arduous task of trying to determine which parent, in light of all the circumstances involved, would be the better parent to have custody of the children. The guardian ad litem, in reviewing the evidence at the end of trial, found that petitioner was more self-sufficient and independent than respondent, but that neither was unstable. He found that petitioner was more mature, dependable, and exhibited more self-control, but that respondent was more unselfish. Additionally, he found that both parents had contributed to and provided continuity with respect to child care, and are nurturing parents. Finally, he found that the children seem to have an extra affection for respondent, but that they genuinely love both parents. We believe that the record supports those conclusions. The guardian ad litem then recommended that custody of the children be awarded to petitioner. The court determined otherwise. In so doing, the court did not go against the great weight of the evidence, and its decision was not an abuse of discretion.

Regarding division of the marital property, the court wrote the following in its memorandum opinion, which was

incorporated into the order for purposes of interpreting the order:

> For property division, I simply can't make sense from the record. I enclose my notesheet but it doesn't help much. I believe the only thing I can do is order that each party be the sole owner of property presently in their possession subject to any debt against it.

We thus will consider the division of property based on the above-quoted paragraph from the memorandum opinion and the attached notesheet to that opinion.

Those items upon which the court placed a value in its notesheet follow. The court's value and a determination from our reading of the record as to who possessed each item at the time of trial are included.

| Planter | $1,500 | Respondent |
|---|---|---|
| Vibrashank | 150 | Respondent |
| Jewelry | 2,000 | Petitioner |
| Ultralight | 5,000 | Respondent |
| Hang glider | 200 | Respondent |
| Coin collection | 89 | Respondent |
| Irrigation pipe | 300 | Respondent |
| Wedding gifts | 4,000 | Petitioner |

Although there was some dispute as to the value of some of the items, there is evidence to support the court's valuations, and they will therefore be accepted as correct.

The court also valued respondent's corn crop at $8,200. That, however, is not the value of the corn as shown by the record. The corn was under government loan and respondent had already received $8,700 from the federal government. Under those circumstances, the fact that the corn was worth only $8,200 in the open market was irrelevant. The relevant fact is that respondent had received $8,700 for a marital asset and must account for it. The asset is no longer the corn; it is the $8,700 respondent received for that corn.

The court also found no evidence as to the value of respondent's 1982 Subaru and petitioner's Toyota Land Cruiser. This is despite the fact that petitioner valued the Land Cruiser at $500 and the 1982 Subaru at $3,700. The respondent valued the Land Cruiser at $1,700 and offered no evidence as to the 1982

Subaru's value. The court did find, however, that the 1982 Subaru was subject to a $500 debt, which is supported by the evidence.

The court did not even list as assets the respondent's Ultralight parts, which both parties had testified as having a value of $500. The court also did not list respondent's $20 gold piece, which petitioner valued at $900, and the life insurance policies out of which respondent took $1,087 in cash. Finally, the court did not take into consideration that respondent sold premarital property for $2,000 and used that money to purchase his Ultralight and that petitioner traded in premarital property worth $3,000 to purchase the 1982 Subaru.

Once the above determinations of value and adjustments to the list of property are made, the court's list must be amended to add the following items:

| | | |
|---|---|---|
| 1982 Subaru | $3,700 | Respondent |
| Land Cruiser | 500 | Petitioner |
| Ultralight parts | 500 | Respondent |
| Gold piece | 900 | Respondent |
| Proceeds from life insurance | 1,087 | Respondent |
| Proceeds from corn | 8,700 | Respondent |

| | |
|---|---|
| Total net value of assets awarded to respondent | $21,626 |
| Respondent's contribution from premarital assets | - 2,000 |
| Net value of respondent's share of marital estate | $19,626 |
| Net total of petitioner's assets | $ 6,500 |
| Petitioner's contribution from premarital assets | - 3,000 |
| Net value of petitioner's share of marital estate | $ 3,500 |

We have continuously stated that the division of marital property is a matter which is initially entrusted to the discretion of the trial court and will not be disturbed on appeal unless the

record establishes that the trial court has abused its discretion. *Bryan v. Bryan*, 222 Neb. 180, 382 N.W.2d 603 (1986). The fact that the court did not value some of the assets upon which the parties had presented evidence and did not make the adjustments to the value of those assets supported by the record makes it clear that the trial court abused its discretion when it awarded the marital property to the party in possession of the property. Once we make the necessary adjustments, it is clear that the marital assets were inequitably divided. To rectify that situation, respondent is hereby ordered to pay petitioner $5,000.

Additionally, we must address the division of the parties' marital debt. Petitioner has been making monthly payments on approximately $1,814 of unsecured marital debt, while respondent has been making payments on approximately $126 of marital debt. Additionally, toward the end of 1983, petitioner borrowed $2,000 from her parents to pay respondent's fertilizer bill. The debt had been partially repaid when respondent gave petitioner's parents a boat trailer worth $300 to $400. In order to bring some equality to the payment of these debts, we order respondent to pay petitioner's parents the remainder of the fertilizer debt, in addition to the approximately $126 debt he had assumed the payment of. Petitioner is ordered to continue to make payment on the debts on which she had assumed payment.

Regarding alimony and attorney fees, the court awarded no alimony and ordered the parties to bear their own expenses in the matter. We find no abuse of discretion in this regard.

The judgment of the district court is therefore affirmed as modified.

AFFIRMED AS MODIFIED.