TERI ANN GRIFFITH, APPELLEE, V. WAYNE DOUGLAS GRIFFITH, APPELLANT.

431 N.W.2d 609

Filed November 10, 1988.   No. 88-125.

Wilbur C. Smith, of Smith & Hansen, for appellant.

Annette E. Mason, of Ross & Mason, P.C., for appellee.

BOSLAUGH, WHITE, and SHANAHAN, JJ., and HOWARD, D.J., and COLWELL, D.J., Retired.

PER CURIAM.

Respondent, Wayne Douglas Griffith, appeals from the order in a dissolution proceeding awarding custody of the parties' minor child, Tisha Marie, born July 23, 1983, to petitioner, Teri Ann Griffith, and ordering respondent to pay child support in the amount of $200 per month and to pay $400 to petitioner for attorney fees.

The respondent assigns seven errors which are summarized as follows: (1) The district court erred in awarding custody of the minor child to the petitioner; (2) the district court erred in failing to rule on the admission of an audiotape which was offered as evidence and listened to at trial; and (3) the district court erred in ordering the respondent to pay $400 to petitioner for attorney fees.

Child custody determinations are matters initially entrusted to the sound discretion of the trial court, and, on appeal, although the Supreme Court reviews these cases de novo on the record, the trial court's determination will normally be affirmed in the absence of an abuse of discretion. Additionally, this court may give weight to the fact that the trial judge observed and heard the witnesses and accepted one version of the facts rather than the other. *Clark v. Clark*, 228 Neb. 440, 445-46, 422 N.W.2d 793, 797 (1988). See, also, *Dobbins v. Dobbins*, 226 Neb. 465, 411 N.W.2d 644 (1987); *Staman v. Staman*, 225 Neb. 864, 408 N.W.2d 320 (1987).

On November 17, 1986, the court, by stipulation, entered an

order granting temporary joint custody of Tisha to petitioner and respondent and ordering the respondent to pay temporary child support in the amount of $150 per month. The respondent filed a response and cross-petition praying for custody of Tisha and asking that petitioner provide support for the child.

A guardian ad litem was appointed for the minor child.

At the dissolution trial, the petitioner testified that in June of 1987, she contacted authorities with regard to allegations of sexual abuse made by Tisha with respect to the respondent. The State filed charges against the respondent, but all charges were dropped at the preliminary hearing. The record from the dissolution proceeding includes considerable evidence regarding the alleged sexual assault. The guardian ad litem informed the court that his recommendation was for the respondent to be awarded custody of Tisha because the guardian had concluded that the criminal allegations made by petitioner were without foundation.

At trial, a clinical social worker testified on behalf of the petitioner. This social worker had seen Tisha as a client. The social worker testified that she believed that Tisha had not been coached with regard to the sexual assault. Another witness, a clinical child psychologist, testified on behalf of the respondent. This witness had taped one of her conversations with Tisha on an audiotape. This tape was played at trial. According to the psychologist, the tape included a portion of the conversation wherein the child stated, "My mom lied." The psychologist testified that on the tape, the child continued, stating, "I know she lied." "How do you know?" "Because I told her he didn't do it, I said no, he didn't, she said yes, he did." Prior to playing the tape in open court, the psychologist testified in detail as to what was discussed. The tape was offered into evidence by the respondent.

The petitioner objected to the admission of the tape. The court deferred ruling on the objection and on the admissibility of the tape. Such ruling was never made.

A trial judge has a duty to rule on the admissibility of the evidence. *Wilson Concrete Co. v. A. S. Battiato Constr. Co.*, 196 Neb. 185, 241 N.W.2d 819 (1976).

If, when evidence is offered, the other party consents to

its introduction, or fails to object, or to insist upon a ruling on an objection to the introduction of such evidence, and otherwise fails to raise the question of its admissibility, he waives whatever objection he may have had thereto.

(Syllabus of the court.) *In re Estate of Kaiser*, 150 Neb. 295, 34 N.W.2d 366 (1948).

After hearing and observing the witnesses during the course of the trial, the trial judge determined that both parents were fit and proper persons to be awarded custody of the minor child and awarded custody of Tisha Marie to petitioner.

Awarding attorney fees in a marriage dissolution case is a matter initially entrusted to the sound discretion of the trial judge and, on appeal, will be reviewed de novo on the record and affirmed in the absence of an abuse of discretion. *Hamm v. Hamm*, 228 Neb. 294, 422 N.W.2d 336 (1988).

We have reviewed this record de novo, and we find neither an abuse of discretion on the part of the trial court nor other error in the record. Therefore, the trial court's judgment and decision to award custody to the petitioner are affirmed.

AFFIRMED.