LANCE L. VANCE, APPELLEE, V. RHONDA K. VANCE, APPELLANT.

436 N.W.2d 177

Filed February 24, 1989.   No. 88-438.

Thomas C. Hemphill, of Harris, Feldman Law Offices, for appellant.

William G. Line, of Kerrigan, Line & Martin, for appellee.

BOSLAUGH, CAPORALE, SHANAHAN, and GRANT, JJ., and CARLSON, D.J.

PER CURIAM.

The parties were married in California on June 21, 1986, and moved to Fremont, Nebraska, where petitioner-appellee husband, Lance L. Vance, had lived prior to the marriage and where he was employed in the family plumbing business. Respondent-appellant wife, Rhonda K. Vance, was a California resident before the marriage. Both parties were in their midthirties, and each had been married and divorced once before.

After 4 months, the parties did not share the same bed, and the marriage gradually disintegrated. A child was born on May 22, 1987. The wife informed the husband of her pregnancy in March 1987. On November 17, 1987, the wife left Nebraska with the child and returned to California, where she lived with her parents. The husband filed this action for dissolution of the marriage on November 20, 1987, seeking custody of the son of the parties.

After trial, the court found both parties to be fit for custody, and awarded joint custody of the child to the parties, with physical possession of the child, aged 11 months at the time of trial, to the father, subject to substantial visitation in the wife.

The wife has appealed, alleging as the only error the trial court's action in awarding custody of the young son to the father, citing *Turner v. Turner*, 205 Neb. 6, 286 N.W.2d 100 (1979). We find the "tender years" doctrine not controlling in matters of custody, and that such matters are now controlled by the light of Neb. Rev. Stat. § 42-364(2) (Reissue 1988), which provides:

> In determining with which of the parents the children or any of them shall remain, the court shall not give preference to either parent based on the sex of the parent, and no presumption shall exist that either parent is more

fit to have custody of the children than the other.

The ultimate decision as to custody is based on the best interests of the child.

We have held that determinations as to the custody of minor children in a dissolution of marriage case are matters initially entrusted to the discretion of the trial judge, whose determinations, on appeal, will be reviewed de novo on the record and affirmed in the absence of an abuse of the trial judge's discretion, keeping in mind, however, that the trial judge observed and heard the witnesses and accepted one version of the facts rather than the other. *Griffith v. Griffith*, 230 Neb. 314, 431 N.W.2d 609 (1988); *Delaney v. Delaney*, 222 Neb. 33, 382 N.W.2d 16 (1986).

We have reviewed this case de novo. We affirm the judgment of the trial court.

AFFIRMED.