DONALD H. RICE, APPELLEE, V. DORCAS E. RICE, APPELLANT.
436 N.W.2d 518

Filed March 3, 1989.    No. 88-514.

Margene M. Timm, of Legal Services of Southeast Nebraska, for appellant.

Karen B. Flowers, of McHenry & Flowers, for appellee.

HASTINGS, C.J., CAPORALE, and GRANT, JJ., and BURKHARD and HANNON, D. JJ.

PER CURIAM.

The parties to this action were divorced in 1978. Respondent-appellant wife was given custody of the then

2-year-old son of the parties, with visitation rights given to the petitioner-appellee husband.

Appellant has not remarried since that divorce and has lived in the same house since that time. Appellee has remarried and has two sons in his second marriage. The child, now approximately 12 years old, visits his father, stepmother, and two half-brothers weekly, with extended visitation every other weekend. The child gets along well with all of them.

Appellant has not worked since 1981. She lives on child support payments, welfare payments, and assistance from her parents. She has refused help from appellee in the form of additional furniture for the child.

A guardian ad litem was appointed for the child. His report recommends a change of custody. The trial judge heard all the evidence, including testimony from the child in chambers, and ordered that, in the best interests of the child, custody should be changed to the appellee, with the same visitation rights the appellee has had to be granted to appellant. Appellant alleges on appeal that the trial court erred in changing custody and, if custody were to be changed, in improperly restricting her visitation.

We have held that determinations as to the custody of and visitation with minor children in a dissolution of marriage case are matters initially entrusted to the discretion of the trial judge, whose determinations, on appeal, will be reviewed de novo on the record and affirmed in the absence of an abuse of the trial judge's discretion; keeping in mind, however, that the trial judge observed and heard the witnesses and accepted one version of the facts rather than the other. *Griffith v. Griffith*, 230 Neb. 314, 431 N.W.2d 609 (1988); *Delaney v. Delaney*, 222 Neb. 33, 382 N.W.2d 16 (1986); *Manewal v. Manewal*, 220 Neb. 867, 374 N.W.2d 39 (1985).

We have reviewed this case de novo, as we are required to do. We find no abuse of discretion, and we affirm the judgment of the trial court.

AFFIRMED.