STEVEN EARL SHAFFER, APPELLEE, V. DELORES JEAN GUBBELS
SHAFFER, APPELLANT.
438 N.W.2d 507

Filed April 21, 1989.   No. 88-714.

Ronald J. Albin for appellant.

David A. Domina, of Domina, Gerrard, Copple & Stratton, P.C., for appellee.

Jane R. Mapes, guardian ad litem.

HASTINGS, C.J., SHANAHAN, and FAHRNBRUCH, JJ., and NORTON, D.J., and RONIN, D.J., Retired.

PER CURIAM.

The sole issue on appeal in this dissolution of marriage action is the custody of the two minor children of the parties.

After finding that both parties were fit and proper parents, the trial court, after giving consideration to the special needs of each child, granted custody of the older child to the mother and the younger child to the father. We affirm.

As a general rule, in dissolution of marriage cases involving minor children, efforts should be made to not separate siblings. However, there are instances where the particular needs of each child are sufficiently different that separation of children is in the best interests of each child. See *Grace v. Grace*, 221 Neb. 695, 380 N.W.2d 280 (1986). In placing a child's custody with a parent in a dissolution proceeding, a court's primary and paramount consideration is the best interests of the child. *Gerber v. Gerber*, 225 Neb. 611, 407 N.W.2d 497 (1987). In *Gerber* we also held at 618, 407 N.W.2d at 502:

Some factors or circumstances which may be considered in a court's determination of a child custody issue include considerations of the fitness of the parents; the respective environments offered by each parent; the emotional relationship between a child and each parent; the child's age, general health, welfare, and social behavior; the

effect on a child if a particular parental relationship is continued or disrupted; parental attitude and stability of character; parental capacity to furnish physical care, education, and other reasonable needs of a child; and, when appropriate, the desires and wishes of a child.

See, also, Neb. Rev. Stat. § 42-364 (Reissue 1988) (custody determination); *Moeller v. Moeller*, 215 Neb. 360, 338 N.W.2d 749 (1983); *Wible v. Wible*, 209 Neb. 708, 310 N.W.2d 515 (1981).

Determinations as to the custody of and visitation with minor children in a dissolution of marriage case are matters initially entrusted to the discretion of the trial judge, whose determinations, on appeal, will be reviewed de novo on the record and affirmed in the absence of an abuse of the trial judge's discretion; keeping in mind, however, that the trial judge observed and heard the witnesses and accepted one version of the facts rather than the other. *Rice v. Rice, ante* p. 428, 436 N.W.2d 518 (1989); *Griffith v. Griffith*, 230 Neb. 314, 431 N.W.2d 609 (1988).

In our de novo review of this case, we have carefully considered the best interests of each of the Shaffer children and the factors delineated in *Gerber*. Our review does not disclose that the trial judge abused his discretion in granting custody of the older child to his mother and the younger child to his father.

Therefore, the decree of dissolution entered by the trial judge is affirmed.

AFFIRMED.