DENNIS B. ANDERSEN, APPELLANT, V. LINDA M. ANDERSEN, APPELLEE.

285 N. W. 2d 692

Filed November 27, 1979. No. 42461.

Hunter & Katz, for appellant.

Mitchell & Demerath, for appellee.

Heard before KRIVOSHA, C. J., WHITE, and HASTINGS, JJ., and RIST and BARTU, District Judges.

WHITE, J.

This is an appeal from the District Court for Douglas County in a marriage dissolution action. Appellant, petitioner below, Dennis B. Andersen, appeals from the part of the decree of the court with respect to division of marital property, alimony, and child support. We affirm the judgment of the trial court in part, and in part reverse and remand.

The parties were married in 1962 and had, at the time of the marriage, a limited amount of property of approximately equal value consisting of stock owned by the appellant in Peter Kiewit & Sons and a savings account of appellee, Linda. Two children were born to the parties, Eric, now 16, and Amy, 11. The parties prospered financially. They had an interest in and owned property above obligations, according to the findings of the trial court, of approximately $240,000. Of that amount, the trial court, in its division of property, awarded the appellee approximately $118,000, and the appellant $123,000. It is the value of several of the individual items to which appellant's first assignments of error are addressed.

In its computation of the value of the investment property, Pivots, Ltd., the court concluded the net value was $16,300. The appellant points out that the true value is $6,300 and the larger figure is the result of a mathematical error by the trial court. The appellee admits this error. The total property subject to division should be reduced by that amount.

The second item complained of is the amount of $20,000 which the court treated as an accounts receivable due the appellant from certain clients of Andersen Development & Investment Company. The principal business of Andersen Development &

Investment Company is to act as consultant to various lending institutions, and to owners or developers of shopping centers and other complexes in their dealings with architects, contractors, engineers, etc. Dennis asserts, and Linda does not deny, that the $20,000 figure represents expected fees for work not performed as of the date of trial. The trial court does not point out, and we are unable to find, justification for this treatment. To us, it seems that the anticipated payment of a fee yet to be earned is in the same category as a salary expected to be paid and not yet earned. Dennis rightfully points out that the receipt of the payment is contingent on whether he is retained in the employ of his various clients and whether he actually accomplishes the work. While earning capacity or expectations of income may properly be considered in an allowance of alimony, they are not proper considerations in determining the appropriate division of property. Howard v. Howard, 196 Neb. 351, 242 N. W. 2d 884; Wheeler v. Wheeler, 193 Neb. 615, 228 N. W. 2d 594. The court was in error in considering the unearned income of the appellant as a property capable of being divided and considered in its property division.

The next error claimed is that the trial court, in its division of property, treated certain gifts of jewelry that were given from Dennis to Linda as gifts to her and therefore excludable from the total marital estate in compiling a division, and yet included in the property division gifts of jewelry from Linda to Dennis. It is apparent that gifts made to another party during the course of a long marriage such as this should appropriately be a part of the entire marital estate and the trial court abused its discretion in not so holding and in computing thereafter.

The appellant next asserts that the trial court erred in the amount of the alimony awarded the appellee, which was in the amount of $1,050 a month

for 121 months, and failed to take into account Linda's ability to earn and to engage in an occupation. The evidence is that Linda was in good health and had not worked in the marriage except occasionally as a hostess in a family restaurant on a part-time basis where her earnings were never in excess of $1,500 per year. She is not shown to have any other skills other than a degree in speech some years before. While we will confess some mystification, as did the trial court, as to the ability of the appellant to support himself and Linda in a rather gracious lifestyle, in view of the acknowledged expenditures, both his and hers, over a period of years, we hold that the trial court did not abuse its discretion. The evidence indicated that since the separation of the parties, some 15 months before the dissolution and for many years prior thereto, the appellant had been contributing to a separate bank account the identical sum of money, i.e., $1,800 per month, as the total of the child support and alimony payments now equals. In the alimony award, we do not find the trial court abused its discretion and did take into account the circumstances of the parties, the duration of the marriage, and the ability of the supported party to engage in gainful employment. See, § 42-365, R. R. S. 1943; Weber v. Weber, 200 Neb. 659, 265 N. W. 2d 436.

We have considered other assignments of error and the same are without merit. The judgment is therefore affirmed in part, and in part reversed and the cause remanded with directions to the trial court to remove from its computation of the marital estate the amounts of $10,000 and $20,000 as not appropriate parts of the marital estate; to include within the total marital estate the value of gifts of jewelry made by appellant to appellee; and to apply to the new balance of the marital figure the same percentage as applied by the court initially, which appellant's computation suggests is 48.95 percent to

appellee and 51.04 percent to appellant.

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED WITH DIRECTIONS.