BETTY JO VAN PELT, APPELLANT, V. WILLIAM VAN PELT, APPELLEE.

292 N. W. 2d 917

Filed June 3, 1980. No. 42782.

Robert M. Brenner, for appellant.

C. Morris Gillespie, for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, MCCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

McCOWN, J.

This is an action for dissolution of marriage. The District Court for Scotts Bluff County, Nebraska, entered its decree dissolving the marriage, granting custody of the minor child to the wife, and awarding child support. The decree also made a property division and awarded alimony in gross to the wife. The wife has appealed, challenging the property division and alimony provisions of the decree.

The parties were married September 18, 1955. They had three children, only one of whom was still a minor at the time the wife filed the petition for dissolution of marriage on October 19, 1978. The minor child, Roy Lee, was born February 21, 1970.

The husband, who was 43 years old at the time of trial, is a mechanic who owns and operates his own implement repair business in the small village of McGrew, Nebraska. He has one employee. During the course of the marriage, the wife was primarily a housewife and mother, although she also kept rec-

ords and ran errands for the implement repair business.

The wife, who was 41 years old at the time of trial, has a high school equivalency degree and, at the time of trial, was taking CETA-financed business courses at Nebraska Western College in order to qualify herself for better jobs. At the time of trial, she was receiving $2.50 per hour from CETA for 13 hours of weekly course attendance and was also earning $2.90 per hour for part-time work at an elevator located between Scottsbluff and Gering, Nebraska, where she worked 10 to 15 hours per week. She had gross earnings of approximately $250 to $300 per month.

The parties' joint income tax returns for the years 1973 through 1977 showed adjusted gross income of $9,566.81, $14,547.10, $22,885.01, $21,004.56, and $14,211.45 respectively. The husband's net business income for 1977 was $14,535, and the evidence was that the business income for 1978 was substantially similar.

The parties stipulated as to the values of the majority of the items of property involved, as well as to the amount of debts. There was some minor conflict as to the value of some of the real estate and the business inventory. The appraised, stipulated, or book values of the property and assets of the husband's implement repair business was approximately $45,000, which included the business building and real estate appraised at $18,000. Business debts and taxes, including certain other stipulated debts were approximately $28,000. Household goods and furnishings, automobiles, pickup trucks, and a boat and trailer were valued at approximately $14,000, but were subject to encumbrances of approximately $5,000. Several lots in McGrew and the mobile home of the parties located on one of the parcels, were valued at a figure between $13,500 and $16,500, but had encumbrances of approximately $6,000 against

them. The husband also owned life insurance policies having a value of approximately $3,500.

The decree of the District Court granted custody of the minor son to the wife and required the husband to pay to the wife the sum of $200 per month until the minor child reaches the age of 19, marries, dies, or becomes self-supporting, and required the husband to maintain in force a health insurance policy covering the minor child, who has allergies that require daily and weekly medication. No issue as to child support is raised in this appeal.

The decree also made a division of property which awarded to each party his or her own personal effects and bank accounts, which were nominal in amount. The decree awarded to the husband all the business assets of the husband's implement repair business, which included the business building and real estate, equipment, inventory, and accounts receivable. Those assets had an approximate value of $45,000. The decree also required the husband to pay all business accounts, debts, and taxes, including certain other stipulated debts, in the total amount of approximately $28,000. The decree also awarded the husband two pickup trucks, an automobile, and a boat and trailer having a combined value of $8,775, subject to encumbrances of $4,381.84. The life insurance policies owned by the husband, having a value of approximately $3,500, were also awarded to him.

The decree awarded to the wife all household goods and furnishings and a pickup truck with camper attachment having a combined value of $5,650, subject to a mortgage of $985.76, which the wife was directed to pay.

The decree also required that the lots in McGrew and the mobile home of the parties located on one of the parcels were to be sold within 90 days and the net proceeds divided equally between the parties.

The decree also required the husband to pay to the wife as alimony the sum of $100 per month for a period of 121 months. The decree recited that the alimony granted was to be deemed alimony in gross and was not to be affected or terminated by the marriage or death of either party. The alimony did not bear interest except for delinquent payments.

The wife has appealed, contending that the District Court abused its discretion in making an inequitable property division and awarding insufficient alimony. The argument is that the alimony award in this case, even though it is alimony in gross, should not be considered as a part of any property settlement but strictly as alimony. The wife wishes to limit the consideration of the fairness of the property settlement to the property divided in kind.

The record establishes that the net value of the property distributed in kind was approximately $30,000. Of that total net value, the husband received approximately $25,000, of which $17,000 was the net value of the business assets. The wife received approximately $5,000. In addition, the wife's evidence was that the husband and wife would each receive approximately $4,500 from the proceeds of the property ordered to be sold. The record also shows that the wife withdrew $1,500 from the bank accounts at the time of filing the petition here, and that she received temporary allowances of $500 per month for approximately 6 months prior to trial.

It seems obvious that, in making the award of alimony in gross, the court treated it primarily as a part of the property settlement and, by assigning all the business property to the husband, the court provided him the means of paying the alimony judgment to the wife and also provided for a retraining period for the wife. Where a wife is awarded a judgment for alimony, the court should, if possible, divide the property in such a manner as to permit the husband the means of paying the judgment

awarded the wife. *Olson v. Olson,* 195 Neb. 8, 236 N.W.2d 618 (1975).

Under a prior statute, this court held that an unqualified allowance of alimony in gross, whether payable immediately in full or periodically in installments, and whether intended solely as a property settlement or as an allowance for support, or both, is such a definite and final adjustment of mutual rights and obligations between husband and wife as to be capable of a present vesting and to constitute an absolute judgment. *Karrer v. Karrer,* 190 Neb. 610, 211 N.W.2d 116 (1973). Under the terms of Neb. Rev. Stat. §§ 42-365 and 42-366 (Reissue 1978), we believe that rule must be extended to those cases in which the decree expressly precludes modification. The terms of the decree in the present case expressly designate the alimony judgment as alimony in gross and expressly preclude modification.

The rules for determining alimony or division of property in a dissolution of marriage action provide no mathematical formula by which such awards can be precisely determined. They are always to be determined by the facts in each case and courts will consider all pertinent facts in reaching an award that is just and equitable. *Corn v. Corn,* 190 Neb. 383, 208 N.W.2d 678 (1973).

In the present case, if the alimony in gross is included at the face amount of the $12,100 judgment, the wife will receive something more than half of the property. Even if the alimony in gross be computed at present worth, the wife will receive almost half of the property.

The fixing of alimony or distribution of property rests in the sound discretion of the trial court and, in the absence of an abuse of discretion, will not be disturbed on appeal. This court is not inclined to disturb the division of property made by the trial court unless it is patently unfair on the record. *Rinderknecht v. Rinderknecht,* 204 Neb. 648, 284 N.W.2d

569 (1979). The award of alimony and the division of property in the present case were not patently unfair on the record, nor was there any abuse of discretion on the part of the trial court.

The judgment of the District Court is affirmed. The wife is awarded a fee of $750 for the services of her attorney in this court.

AFFIRMED.