WILLIAM GLENN SHANKS, JR., APPELLANT, V. BEVERLY ANN SHANKS, APPELLEE.

300 N.W.2d 822

Filed January 16, 1981. No. 43264.

Bauer, Galter, Geier, Flowers & Thompson for appellant.

John R. Doyle for appellee.

Heard before KRIVOSHA, C.J., McCOWN, and WHITE, JJ., and COLWELL and HUBER, District Judges.

HUBER, District Judge.

The appellant, William Glenn Shanks, Jr., filed a petition for the dissolution of his marriage from Beverly Ann Shanks. The parties presented evidence relative to their employment, the division of marital property, payment of debts, child support, and alimony. In the decree entered on November 14, 1979, the court awarded custody of the parties' minor son to Beverly, divided the marital property, and directed William to pay child support of $270 per month and alimony in the nominal sum of $1 per year for a period of 10 years.

William alleges that the trial court erred in awarding Beverly 77 percent of the marital estate. Beverly alleges that she received only 52 percent. The issue revolves primarily around the value which the parties placed on the appellant's retirement fund, to wit: (1) Whether the District Court erred in including the parties' retirement funds in the division of the property award; and (2) If the funds are to be held to be divisible property, whether appellant's funds should be computed at $13,000, as alleged by appellant, or $28,000, as alleged by appellee. Appellant's primary premise is that all such funds should be excluded from consideration; whereas appellee's contention is that all such

funds should be included. We hold that the decision of the District Court is correct as far as division of property is concerned, but should be reversed and remanded only in holding that appellee should receive alimony, and that the District Court's decree should be modified so as to provide for no alimony from the time of its inception under the decree.

First of all, it is necessary to find the amount of property which can be considered marital property for division between the parties. We find this to be $60,082.19, of which appellant received $22,849, or 38 percent, and well within proper guidelines for a marriage having lasted well over 20 years. By the same token, appellee received $37,233.91, or 62 percent. We arrive at these figures by taking the agreed-upon values of the parties, including the value of appellant's pension at $13,000 and appellee's pension at $4,860. These pension values represent each party's own contribution to the various pension funds and represent the amounts each would have been permitted to withdraw had they terminated their respective employments at the time of the trial.

This court is not inclined to disturb the division of property made by the trial court unless it is patently unfair on the record. *Blome v. Blome*, 201 Neb. 687, 271 N.W.2d 466 (1978). Relative to the $15,000 retirement fund exclusion, compare *Andersen v. Andersen*, 204 Neb. 796, 285 N.W.2d 692 (1979), holding that the unearned income of the husband in the form of accounts receivable due from certain clients was improperly considered in dividing property of the parties where its receipt was contingent on whether the husband was retained in the employ of his various clients and whether the husband actually accomplished the work. We need not consider the amendment in what is now Neb. Rev. Stat. § 42-366 (Cum. Supp. 1980). This added a provision setting out that the court shall include, as a part of the marital estate, pension plans.

It was not in effect at the time of trial. The effect of this decision, therefore, may be limited in scope.

Having come to the conclusion that the property division of the trial court was proper, we now deal with whether the court was in error in allowing alimony. We find that it was. The division of property and the issue of alimony may be considered together. They are to be determined upon a consideration of all the facts and circumstances. *Sullivan v. Sullivan*, 192 Neb. 841, 224 N.W.2d 542 (1975). The decree should be modified to remove any provision for alimony, and the appellee should be ordered to refund any alimony which she has heretofore received.

AFFIRMED IN PART AND IN PART REVERSED
AND REMANDED WITH DIRECTIONS.

COLWELL, District Judge, concurs in result.