FIRST NATIONAL BANK IN ORD, NEBRASKA, APPELLEE AND CROSS-APPELLANT, V. J. H. SCHROEDER, APPELLANT AND CROSS-APPELLEE.

355 N.W.2d 780

Filed October 5, 1984.    No. 83-490.

J. H. Schroeder, pro se, and, on brief, Richard E. Gee.

Robert E. Wheeler of Stowell & Wheeler, P.C., for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

SHANAHAN, J.

J. H. Schroeder appeals the judgment of the district court for Valley County which dismissed his counterclaims and entered summary judgment in favor of First National Bank in Ord. The district court also awarded First National attorney fees which First National has cross-appealed, arguing the awarded attorney fee was insufficient.

On December 31, 1981, First National sued J. H. Schroeder to recover on a promissory note for $6,223 and to determine the validity of a financing statement-security agreement given in conjunction with Schroeder's promissory note. Schroeder answered and also filed several counterclaims. First National moved to strike Schroeder's counterclaims and moved to amend its petition to request an attorney fee in view of a provision in the security agreement entitling the secured party to recover from the debtor "any and all costs and expenses incurred in recovering possession of the Collateral and incurred in enforcing this security agreement . . . ." Before the trial court had ruled on these motions, Schroeder filed amended counterclaims. First National moved to dismiss the first amended counterclaims. (For our purpose in disposing of this appeal, we will treat First National's motion to dismiss as a demurrer. Cf. *Nelson v. Sioux City Boat Club*, 216 Neb. 484, 344 N.W.2d 634 (1984).) The district court sustained the motion to dismiss, but allowed Schroeder 20 days to amend his counterclaims by the following: "Plaintiff's Motion to Dismiss Defendant's Cross Claim is granted, but the Defendant shall have 20 days from the date of this hearing to file a Motion to Reinstate Meritoreous [sic] Claims and to accompany said Motion with a proposed pleading." Schroeder filed his motion to reinstate his claims but never filed the proposed pleading

stating his claims as ordered by the trial court. (Consequently, Schroeder's second amended counterclaims are not part of the record.) Nevertheless, First National filed a demurrer concerning the unfiled counterclaims. As reflected by the record, the trial court sustained the demurrer to the amended but unfiled counterclaims and allowed Schroeder 20 days to amend his answer only.

Proceeding pro se, Schroeder filed his amended answer. In substance, the amended answer contained a general denial with numerous allegations essentially the same as the contents of the counterclaims. First National filed a motion to strike from the amended answer those parts identical to the counterclaims and also filed a motion for summary judgment on the promissory note. The trial court sustained the motion to strike and allowed Schroeder no further time to amend. Further, the district court sustained First National's motion for summary judgment on the note and proceeded to trial on the remaining issues, namely, validity of the security agreement and recovery of an attorney fee. The district court held the security agreement was valid and awarded First National a $1,000 attorney fee.

Schroeder contends the district court erred in dismissing his amended counterclaims, refusing to allow extra time to amend his amended answer, and awarding an attorney fee. First National cross-appeals and claims the awarded attorney fee is insufficient.

Concerning the cross-appeal, First National argues two theories as bases for an attorney fee. First National points to Neb. U.C.C. § 9-504 (Reissue 1980), in part providing:

Secured party's right to dispose of collateral after default; effect of disposition.

(1) A secured party after default may sell, lease or otherwise dispose of any or all of the collateral in its then condition or following any commercially reasonable preparation or processing. Any sale of goods is subject to the article on Sales (article 2). The proceeds of disposition shall be applied in the order following to

(a) the reasonable expenses of retaking, holding, preparing for sale or lease, selling, leasing, and the

like and, to the extent provided for in the agreement, the reasonable attorney's fees and legal expenses incurred by the secured party.

The foregoing section of the U.C.C. is clearly unsupportive of First National's claim. Section 9-504 deals with the disposition of proceeds from a sale of collateral. Nowhere does § 9-504 authorize an attorney fee in a suit on a contract, here, the promissory note, which underlies and supports the security agreement, or in a suit to enforce or establish the validity of a security agreement.

First National, the secured party, argues the security agreement requires the debtor, Schroeder, to pay First National's costs and expenses incurred in enforcing the security agreement and relies upon the contents of the security agreement as follows: "DEBTOR WARRANTS AND COVENANTS: . . . (10) Debtor will pay Secured Party any and all costs and expenses incurred in recovering possession of the Collateral and incurred in enforcing this security agreement, and the same shall be secured by this security agreement."

441, 442, 348 N.W.2d 893, 894 (1984), stated: "The general rule in this jurisdiction is that attorney fees may be recovered only in such cases as are provided by statute, or where the uniform course of procedure has been to allow such recovery." In *Quinn* we specifically held that a provision in a contract which provided that in the event of litigation involving the contract, the prevailing party shall be entitled to costs, including attorney fees, was contrary to public policy and void. If public policy of Nebraska precludes awarding an attorney fee as costs otherwise authorized in a contract for which suit is brought, the corollary prohibits an attorney fee awarded as part of the costs in a suit involving a security agreement which provides that the secured party shall recover from the debtor "any and all costs and expenses incurred in recovering possession of the Collateral and incurred in enforcing" the security agreement. It would be a legal anomaly that Nebraska law prohibits recovery of an attorney fee as costs in a contract suit but permits recovery of an attorney fee in a suit involving a security agreement, a form of contract given to secure performance of the basic contract

underlying the security agreement. Consequently, we hold that a provision in a security agreement which seeks to impose an attorney fee on a debtor as a part of the costs of suit to enforce the security agreement and its underlying contract is contrary to the public policy of Nebraska and, therefore, void and unenforceable. Under the circumstances the district court erroneously awarded an attorney fee to First National. In view of the trial court's error in awarding an attorney fee, there is no merit to First National's cross-appeal concerning the amount of the attorney fee awarded.

Schroeder maintains that the district court incorrectly dismissed his amended counterclaims. As already mentioned, the record does not contain Schroeder's final amended counterclaims. " 'A judgment of the district court brought to this court for review is supported by a presumption of correctness, and the burden is upon the party complaining of the action of the district court *to show by the record* that it is erroneous. . . .' " (Emphasis supplied.) *Scarpello v. Continental Assur. Co.*, 187 Neb. 395, 397, 191 N.W.2d 444, 446 (1971).

> We need not belabor the legal proposition that the appellate courts, including this one, will not consider rulings which are not part of the trial record, in the absence of extraordinary circumstances. [Citation omitted.] Appellate courts will not speculate about the proceedings below, but will rely only on the record made. Meaningful review requires a record that elucidates the factors contributing to the judge's decision . . . .

*Coe v. Yellow Freight System, Inc.*, 646 F.2d 444, 454 (10th Cir. 1981). As the amended counterclaims are not part of the record, we are left with no alternative but to presume the trial court was correct in its disposition of the counterclaims.

Reconstructing the entire situation as best we can from the incomplete record and the briefs, and based on such reconstructed record, the district court was correct in dismissing Schroeder's amended counterclaims. Apparently, Schroeder alleged First National had orally promised to extend credit for Schroeder's cookware business in September 1975 but, to Schroeder's damage, failed to perform that oral

agreement in February 1977. Clearly, such an action would be barred by the 4-year statute of limitations provided in Neb. Rev. Stat. § 25-206 (Reissue 1979), governing commencement of an action based on oral contract. Since Schroeder does not allude to or allege any reason or facts which would toll the statute of limitations or exonerate him from the 4-year time limit for filing an action based on an oral contract, at least as appears from the record before us, Schroeder's counterclaims were barred by the statute of limitations.

Finally, Schroeder alleges it was error not to allow him additional time to amend his answer. The facts indicate that Schroeder had already filed several answers and counterclaims to First National's petition. Thus, Schroeder was offered several opportunities to supply a proper pleading. Schroeder argues that since he was representing himself at this point, he could not be expected to allege available defenses. However, Schroeder ignores the fact that his initial answers and counterclaims were filed by his attorney. Further, Schroeder did not give the trial court any reason why further amendment should have been permitted. Apparently, Schroeder maintains that First National sued the wrong party and he should have been allowed to amend his answer to allege such mistake in parties. Schroeder's name and signature were on the promissory note on which suit was commenced by First National. The rule is clear that permission to amend pleadings is addressed to the sound discretion of the trial court and absent an abuse of discretion the trial court's decision will be affirmed. *Mahoney v. May*, 207 Neb. 187, 297 N.W.2d 157 (1980). The trial court did not abuse its discretion in refusing Schroeder additional time to amend his answer.

Therefore, the judgment of the district court is reversed regarding the attorney fee awarded to First National. Summary judgment in favor of First National is affirmed.

AFFIRMED IN PART, AND IN PART REVERSED.