**In re RECORD ENTERPRISES, LTD., Debtor.**

No. CV 86–0–455.
Bankruptcy No. 82–01132.

United States District Court,
D. Nebraska.

Dec. 15, 1986.

## ORDER

BEAM, Chief Judge.

■ This matter is before the court on an appeal from the Bankruptcy Court's Memorandum Opinion of May 21, 1986.[1] The single issue on appeal is whether attorney's fees incurred by an oversecured creditor, both before and after a Chapter 11 filing, may be included in its allowed secured claim under 11 U.S.C. § 506(b). Review in this instance is de novo. *In re American Beef Packers, Inc.,* 457 F.Supp. 313 (D.Neb.1978). The Bankruptcy Court held that as a matter of law attorney's fees may not be included under 11 U.S.C. § 506(b).

The facts have been stipulated to and are fully set forth in the May 21, 1986, Memorandum Opinion. Consequently, they will not be reiterated here.

■ The attorney's fee agreement in this case is void under Nebraska state law. The guaranty states:

"The Combined Companies agree to pay all the costs, expenses and fees, including all reasonable attorneys' fees, which may be incurred by the Trustee in enforcing or attempting to enforce this Guaranty following any default on the part of the Combined Companies, whether the same shall be enforced by suit or otherwise."

■ Under Nebraska law, this attorney fee provision is unenforceable. *First National Bank v. Schroeder,* 218 Neb. 397, 355 N.W.2d 780 (1984). And, prior to the Bankruptcy Reform Act of 1978 state law governed the enforceability of these fee agreements between oversecured creditors and bankrupt debtors. *ITT Industrial Credit Co. v. Hughes,* 594 F.2d 384, 387 (4th Cir. 1979).

■ However, when Congress enacted the Bankruptcy Reform Act of 1978, it set forth the standard for oversecured creditors. 11 U.S.C. § 506(b) states:

To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs or charges provided under the agreement under which such claim arose.

Although this section does not specifically say "attorney's fees," the Bankruptcy Court and the cases cited by the Bankruptcy Court, indicate strong support for finding that the term "fees" encompasses "attorney's fees". *See e.g., In re Banks,* 31 B.R. 173, 175 (Bankr.N.D.Ala.1982); *Longwell v. Banco Mortgage Co.,* 38 B.R. 709, 711 (Bankr. N.D.Ohio 1984); *In re L.H.D. Realty Corp.,* 20 B.R. 722, 725 (Bankr.S.D.Ind.1982); *In re Dye Master Realty, Inc.,* 15 B.R. 932, 935–936 (Bankr.W.D.N.C.1981); *In re Sholos,* 11 B.R. 782, 784–85 (Bankr.W.D.Pa.1981); *In the Matter of Scarboro,* 13 B.R. 439, 442 (Bankr.D.C.M.D.Ga.1981); *In re Virginia Foundry Company, Inc.,* 9 B.R. 493, 496–97 (Bankr.D.C.W.D.Va.1981); *In re American*

---

1. The Bankruptcy Court's Memorandum Opinion is published at *In re Record Enterprises, Ltd.,* 60 B.R. 791 (Bankr.D.Neb.1986).

*Metals,* 31 B.R. 229, 234–35 (Bankr.D.Kan. 1983); *In the Matter of Elmwood Farm, Inc.,* 19 B.R. 338, 341 (Bankr.S.D.N.Y.1982); *In re K.H. Stephenson Supply Company,* 768 F.2d 580 (4th Cir.1985). See also *3 Collier on Bankruptcy,* Section 506.05 (1984). Accordingly, this Court finds that 11 U.S.C. § 506(b) is interpreted to encompass "attorney's fees."

The issue then, becomes whether § 506(b) of the Bankruptcy Code permits the payment of attorney's fees to a secured creditor, whose secured claim, including attorney's fee, is less than the value of the collateral as provided in the security agreement. As previously stated under Nebraska law, agreements to charge a debtor with attorney's fees for collection efforts by the creditor are void. *First National Bank in Ord v. Schroeder,* 355 N.W.2d at 783. As stated in *In re K.H. Stephenson Supply Co.,* 768 F.2d at 582–3:

> Courts have divided over the interpretation of § 506(b). Under the minority position, § 506(b) is simply a codification of pre-existing law, and consequently state law still governs attorney's fee agreements. *See, e.g., In re Banks,* 31 B.R. 173, 175 (Bankr.N.D.Ala.1982); *LHD Realty Corp. v. National Life Insurance Co. (In re LHD Realty Corp.),* 20 B.R. 722, 725 (Bankr.S.D.Ind.1982); *In re Dye Master Realty, Inc.,* 15 B.R. 932, 935–36 (Bankr. W.D.N.C.1981); *In re Sholos,* 11 B.R. 782, 784–85 (Bankr.W.D.Pa.1981). Courts endorsing the majority view conclude that under § 506(b) attorney's fee agreements are enforceable notwithstanding contrary state law. *See, e.g., Longwell v. Banco Mortgage Co.,* 38 B.R. 709, 711 (N.D.Ohio 1984); *In the Matter of Scarboro and Garnto,* 13 B.R. 439, 442 (D.C.M.D.Ga. 1981); *In re Virginia Foundry Company, Inc.,* 9 B.R. 493, 496–97 (D.C.W.D.Va. 1981); *In re American Metals,* 31 B.R. 229, 234–35 (Bankr.D.Kan.1983); *In the matter of Elmwood Farm, Inc.,* 19 B.R. 338, 341 (Bankr.S.D.N.Y.1982); *In re Carey,* 8 B.R. [1000] at 1002–04 [ (Bankr.S.D.Cal.1981) ]; *accord, 3 Collier on Bankruptcy,* ¶ 506.05(4). (1984).

Thus, the 4th Circuit in *Stephenson* concluded that such agreements are enforceable notwithstanding contrary law. *Id.,* at 585. Since the *Stephenson* case, two other circuits have concluded that federal law governs. *See In re Hudson Shipbuilders,* 794 F.2d 1051, 1056 (5th Cir.1986); *Matter of 268 Ltd.,* 789 F.2d 674, 675 (9th Cir.1986).[2]

After reviewing the cases cited herein, the Court finds that the weight of authority supports the enforceability of attorney's fees arrangements in the contract notwithstanding contrary state law, and that this is the better reasoned approach.

Accordingly,

IT IS ORDERED that the decision of the Bankruptcy Court should be and hereby is reversed. The case is remanded for a determination of a reasonable attorney's fee.

---

2. The Eighth Circuit has not directly addressed this question.