DIANE ROLFSMEYER THIEL, APPELLANT, V. MICHAEL DEAN THIEL, APPELLEE.

433 N.W.2d 539

Filed January 6, 1989. No. 87-433.

Dorothy A. Walker, of Mowbray, Chapin & Walker, P.C., for appellant.

Con M. Keating, of Bruckner, O'Gara, Keating, Sievers & Hendry, P.C., for appellee.

BOSLAUGH, WHITE, CAPORALE, and SHANAHAN, JJ., and JAMES MURPHY, D.J.

PER CURIAM.

This is a dissolution action in which the petitioner wife has appealed.

She assigns as error the trial court's failure to award attorney fees and the court's failure to award her a monetary allowance for filing a joint tax return with her husband. She further assigns error in the trial court's failure to compensate her for paying more than 50 percent of family expenses.

The parties were married in February 1985, and separated 14 months later. No children were born of the marriage, but five children from the wife's former marriages resided with the parties. Two children from the husband's former marriage were frequent visitors.

In 1986, the husband's annual income was $26,000, and the wife earned $38,000. She claimed an oral agreement by which

each promised to pay one-half of the family expenses. The husband testified that no such agreement was made. He further asserted that his entire income, with the exception of $500 monthly child support payments, was contributed for family expenses. He further testified that during this short-term marriage his income was deposited in a joint checking account, from which his wife paid family expenses.

The standard for reviewing asserted error in the division of property and awarding of attorney fees in dissolution cases is set forth in *Guggenmos v. Guggenmos*, 218 Neb. 746, 359 N.W.2d 87 (1984):

> To remove any doubt as to the proper standard of review, we now state that the division of property and the awarding of attorney fees in marriage dissolution cases are matters initially entrusted to the sound discretion of the trial judge, which matters, on appeal, will be reviewed de novo on the record and affirmed in the absence of an abuse of the trial judge's discretion. In our de novo review, where the evidence is in conflict, we will give weight to the fact that the trial judge observed and heard the witnesses and accepted one version of the facts rather than another.

*Id.* at 748-49, 359 N.W.2d at 90.

A review of the record indicates that the trial judge did not abuse his discretion in failing to provide a monetary allowance to the wife for her contribution to family expenses. Nor did he abuse his discretion in refusing to make an allowance for the wife's voluntary act in filing a joint tax return with her husband.

The refusal to allow attorney fees for the benefit of the wife, whose annual income exceeded her husband's by $12,000, was also within the sound discretion of the trial court.

Accordingly, the decree which was entered herein is affirmed.

AFFIRMED.