BETTY MURRELL, APPELLEE, V. CHARLES MURRELL, APPELLANT.

440 N.W.2d 237

Filed May 19, 1989.    No. 88-944.

G. Randolph Reed and Benjamin P. King, of Reed Law Office, for appellant.

Paul W. Snyder, of Van Steenberg, Chaloupka, Mullin, Holyoke, Pahlke, Smith, Snyder & Hofmeister, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

CAPORALE, J.

In this dissolution of marriage case, the respondent-appellant husband, Charles Murrell, challenges the award of alimony to the petitioner-appellee wife, Betty Murrell, by asserting the district court erred (1) in purporting to make the award not subject to modification and (2) by ordering excessive payments. We affirm as modified.

The parties were married in 1962. At the time of trial the wife was 43 years of age and the husband 53. Four children were born of the marriage, all of whom had attained the age of majority by the time of trial.

The wife has a ninth-grade education; the husband progressed through the eighth grade. The wife, who had been employed at the time of, and periodically during, the marriage, was employed at the time of trial, working fewer than 40 hours per week and earning $3.85 per hour. The wife's most recent paycheck stub, admitted into evidence, indicates that in the 1988 calendar year, she had earned a gross amount, before taxes and deductions, of $4,381.65 through September 1, 1988, suggesting that her total earnings, before taxes and deductions, would have amounted to approximately $6,572.48 in 1988.

The wife's highest wage during the marriage had been $3.90 per hour, the 5-cent-per-hour increment having been based on "certification" for her position as some type of health care provider, which certification required periodic retesting. She testified that she could not afford to pay for this testing and so had allowed her certification to lapse. Moreover, she was medically precluded from doing heavy lifting at the time of trial.

At the time of trial the husband was employed at Western Sugar as a sugar boiler, earning $12.44 per hour for a 40-hour

workweek, with 8 hours of overtime scheduled every 3 weeks. His 1987 income tax return reveals that his total income in the year preceding trial was $28,412. Having no adjustments to income, his adjusted gross income equaled his total income.

The couple had accumulated certain assets during their 26-year marriage which the district court distributed in such a manner that the wife received somewhat more than $15,337 in net asset value and the husband $12,760.06. The decree also provides:

> [The husband] shall pay as alimony to the [wife] the sum of $350.00 per month for a period of 121 months, commencing November 1, 1988 and the 1st of each month thereafter. Such alimony shall not be modifiable and shall terminate upon the death or remarriage of the [wife]. Delinquent payments shall draw interest at the legal rate per annum until paid.

In considering the modifiability of the district court's alimony award, we note that Neb. Rev. Stat. § 42-365 (Reissue 1988) provides in relevant part that "[u]nless amounts have accrued prior to the date of service of process on a petition to modify, orders for alimony may be modified or revoked for good cause shown . . . ."

In *Ball v. Ball*, 183 Neb. 216, 159 N.W.2d 297 (1968), a case predating the adoption of § 42-365, this court outlined the distinction between "alimony" and "alimony in gross" as follows, and adopted the following rule:

> The distinction between "alimony" and "alimony in gross" may be gathered from the accepted definitions of the two terms. " 'Alimony,' which signifies literally nourishment or sustenance, is an allowance for support and maintenance, or, as has been said, a substitute for marital support. It is the allowance which a husband may be compelled to pay to his wife or former wife for her maintenance when she is living apart from him or has been divorced." . . . "Alimony in gross, or 'lump-sum alimony,' is fundamentally the award of a definite sum of money; and if the sum is payable in instalments the payments run for a definite length of time. The sum is payable in full, regardless of future events such as the death of the

husband or the remarriage of the wife. Gross alimony becomes a vested right from the date of the rendition of the judgment, and the manner of its payment in no wise affects its nature or effect. The fact that the award is payable in instalments is not determinative of the question whether it is gross alimony or periodic alimony. On the other hand, alimony in general, or instalment alimony, contemplates periodic payments of a definite sum for the indefinite future, and terminates on the death of either party or the remarriage of the wife." . . . The phrase "alimony in gross" or "gross alimony" is always for a definite amount of money, the payment is always for a definite length of time, and it is always a charge on the estate of the husband and is not modifiable. It, therefore, appears that a decree providing for "alimony in gross," constituting a final judgment not subject to modification, must incorporate each and every one of the following propositions to meet the recognized requirements for this type of judgment, to wit: (1) The award must be for a definite sum or for installments payable over a definite period of time; (2) it must be payable in full regardless of the death or remarriage of the judgment creditor; and (3) it cannot terminate on the death of the judgment debtor.

(Citations omitted.) *Id.* at 219-20, 159 N.W.2d at 300. We observe that the instant award satisfies only the first element of the *Ball* definition of alimony in gross.

More recently, in *Van Pelt v. Van Pelt*, 206 Neb. 350, 354, 292 N.W.2d 917, 919-20 (1980), decided after the enactment of § 42-365,

[t]he decree . . . required the husband to pay to the wife as alimony the sum of $100 per month for a period of 121 months. The decree recited that the alimony granted was to be deemed alimony in gross and was not to be affected or terminated by the marriage or death of either party. The alimony did not bear interest except for delinquent payments.

We reasoned:

Under a prior statute, this court held that an unqualified allowance of alimony in gross, whether

payable immediately in full or periodically in installments, and whether intended solely as a property settlement or as an allowance for support, or both, is such a definite and final adjustment of mutual rights and obligations between husband and wife as to be capable of a present vesting and to constitute an absolute judgment. . . . Under the terms of Neb. Rev. Stat. §§ 42-365 and 42-366 (Reissue 1978), we believe that rule must be extended to those cases in which the decree expressly precludes modification. The terms of the decree in the present case expressly designate the alimony judgment as alimony in gross and expressly preclude modification.

(Citations omitted.) *Id.* at 355, 292 N.W.2d at 920. This court affirmed the district court's award of alimony. Unlike the award in *Van Pelt*, the instant award is not expressly designated "alimony in gross."

Alimony and distribution of property rights have different purposes in marriage dissolution proceedings, but in a proper case they may be considered together in reaching an award that is just and equitable. *Taylor v. Taylor*, 217 Neb. 409, 348 N.W.2d 887 (1984). Alimony in gross is, in fact and effect, a structured property distribution rather than an award of support and maintenance.

In the instant case, the parties shared approximately equally in the distribution of property ordered by the district court. It would appear that the subject alimony award may not fairly be viewed as a distribution of property, for to do so would constitute the district court's property distribution abusive of its discretion. It is clear, therefore, that the subject award is one of alimony, not of alimony in gross.

" 'Unless amounts have accrued prior to the date of service of process on a petition to modify, orders for alimony may be modified or revoked for good cause shown . . . .' " *Creager v. Creager*, 219 Neb. 760, 761, 366 N.W.2d 414, 416 (1985), quoting § 42-365. Thus, the language of the district court purporting to render the alimony award in the instant case not subject to later modification is null, void, and of no effect.

Turning next to the question of the award itself, we first remind ourselves that the granting of alimony is a matter

initially entrusted to the discretion of the trial judge. On appeal, such matters are reviewed de novo on the record and affirmed in the absence of an abuse of discretion. *Lager v. Lager, ante* p. 150, 440 N.W.2d 193 (1989); *Dabbs v. Dabbs,* 230 Neb. 368, 431 N.W.2d 640 (1988); *Ritz v. Ritz,* 229 Neb. 859, 429 N.W.2d 707 (1988).

The purpose of alimony is to provide for the continued maintenance or support of one party by the other when the relative economic circumstances and the other criteria enumerated in § 42-365 make it appropriate. *Ritz v. Ritz, supra.* Section 42-365 provides in relevant part as follows:

> When dissolution of a marriage is decreed, the court may order payment of such alimony by one party to the other and division of property as may be reasonable, having regard for the circumstances of the parties, duration of the marriage, a history of the contributions to the marriage by each party, including contributions to the care and education of the children, and interruption of personal careers or educational opportunities, and the ability of the supported party to engage in gainful employment without interfering with the interests of any minor children in the custody of such party.

A division of property and the awarding of alimony are not subject to a precise mathematical formula. Rather, an appropriate division of marital property and amount of alimony must turn on reasonableness and the circumstances of each particular case in light of the factors set forth in § 42-365. *Keim v. Keim,* 228 Neb. 684, 424 N.W.2d 112 (1988).

Alimony is an allowance for support and maintenance and is a substitute for marital support. *Buche v. Buche,* 228 Neb. 624, 423 N.W.2d 488 (1988). In determining whether alimony should be awarded, in what amount, and over what period of time, the ultimate criterion is one of reasonableness. *Buche v. Buche, supra.* The trial court should consider what effect, if any, the marriage has had upon the ability of the supported spouse, if any, to secure employment in the future, and the earning capacity of the supporting spouse. *Kimbrough v. Kimbrough,* 228 Neb. 358, 422 N.W.2d 556 (1988).

Alimony is not to be used simply to equalize the income of

the parties or to punish one of the parties. It may be used to assist the other party during a reasonable time to bridge that period of unavailability for employment or during that period to get proper training for employment. *Kimbrough v. Kimbrough, supra.*

With but a ninth-grade education to build upon, it is not unreasonable to infer that the wife will need to invest quite some time in the development of skills suiting her to employment at a significantly increased level. Under the circumstances as they presently exist, we cannot say that either the amount of alimony awarded or the duration thereof is so unreasonable as to constitute an abuse of discretion.

Finally, we consider the wife's request for attorney fees in this court. Attorney fees are recoverable in Nebraska only where provided by statute or allowed by custom. *GFH Financial Serv. Corp. v. Kirk*, 231 Neb. 557, 437 N.W.2d 453 (1989). It is the custom to award attorney fees in appropriate circumstances in divorce cases. See, e.g., *Thiel v. Thiel*, 230 Neb. 806, 433 N.W.2d 539 (1989); *Griffith v. Griffith*, 230 Neb. 314, 431 N.W.2d 609 (1988); *Keim v. Keim, supra; Hamm v. Hamm*, 228 Neb. 294, 422 N.W.2d 336 (1988); *Ritchie v. Ritchie*, 226 Neb. 623, 413 N.W.2d 635 (1987). An award of attorney fees in a dissolution of marriage action involves consideration of such factors as the nature of the case, the amount involved in the controversy, the services actually performed, the results obtained, the length of time required for preparation of the case, the skill devoted to preparation and presentation of the case, the novelty and difficulty of the questions raised, and the customary charges of the bar for similar services. *Hamm v. Hamm, supra.* Giving due consideration to these factors, we determine that each party shall pay her and his own attorney fees for services in this court.

The decree of the district court is affirmed as modified in accord with this opinion.

AFFIRMED AS MODIFIED.