LINDA R. VENTER, APPELLEE, V. DEAN N. VENTER, APPELLANT.

545 N.W.2d 431

Filed March 29, 1996.   No. S–94–430.

John W. Ballew, Jr., of Baylor, Evnen, Curtiss, Grimit & Witt, for appellant.

Kent F. Jacobs, of Blevens & Jacobs, for appellee.

WHITE, C.J., CAPORALE, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

WRIGHT, J.
This is an appeal from an action for dissolution of marriage. Appellant, Dean N. Venter, challenges certain orders contained in the divorce decree entered by the district court for Seward County dissolving his marriage to appellee, Linda R. Venter.

## SCOPE OF REVIEW

An appellate court's review in an action for dissolution of marriage is de novo on the record to determine whether there has been an abuse of discretion by the trial judge. *Thiltges v. Thiltges*, 247 Neb. 371, 527 N.W.2d 853 (1995).

In an action for dissolution of marriage, the award of attorney fees is discretionary, is reviewed de novo on the record, and will be affirmed in the absence of an abuse of discretion. See *Reichert v. Reichert*, 246 Neb. 31, 516 N.W.2d 600 (1994).

## FACTS

Appellant and appellee were married on October 25, 1980. The marriage produced two children. Appellee filed a petition for legal separation on June 22, 1993. Appellant filed a cross-petition for dissolution of marriage on August 2, 1993.

For 11 years, appellant operated Venter Consulting, where he works as a vocational rehabilitation consultant. Appellee contributed to the business by handling the bookkeeping, billing, and general business responsibilities. The income from appellant's business is derived from monthly billings to clients. These billings become accounts receivable and are reported on his income tax returns when such accounts are received. The district court determined that the assets of Venter Consulting, including the accounts receivable, were marital property and valued the assets at $15,000. Appellant was awarded the entire $15,000 value of the business in the property division.

One of the parties' other assets was a one-half share in an Angus bull. The parties had paid $1,825 for their interest in the animal. The animal was subsequently purchased at auction by appellee's father for $1,108.08. An auctioneer for the Columbus Sales Pavilion testified that the sale price represented the fair market value of the animal. The district court valued each party's interest in the animal at $525.

The district court denied appellant's request for attorney fees, and ordered appellant to pay $1,000 in attorney fees to appellee.

## ASSIGNMENTS OF ERROR

Appellant asserts that the district court erred in (1) assigning value to the accounts receivable of appellant's business, (2) valuing the Angus bull, and (3) awarding attorney fees to appellee.

## ANALYSIS

### ACCOUNTS RECEIVABLE

We must first determine whether the accounts receivable were marital property. Appellant asserts that the district court improperly included Venter Consulting's accounts receivable in the marital estate. Appellant argues that the accounts receivable

represent only earning capacity or expectations of income and should not be considered marital property.

Appellant relies upon *Andersen v. Andersen*, 204 Neb. 796, 285 N.W.2d 692 (1979), in which the husband anticipated a $20,000 consulting fee for work not yet performed. We held that earning capacity or expectations of income are not to be considered in the division of property. *Andersen* is factually distinguishable from the present case because in *Andersen* the husband had not yet performed the work. The fee was a potential future earning, not an account receivable, because it was contingent upon the husband's obtaining and performing the work. Here, appellant has performed the work and is simply waiting to receive payment.

Our de novo review of the record shows that the district court determined appellant's earning capacity based upon figures compiled by appellant. If appellant is on a cash basis, his billings become accounts receivable as soon as they are sent out, but do not become income until they are collected. On a cash basis, the accounts receivable in question would not have been included in the figures compiled by appellant because at the time of the trial the receivables were not income.

Appellant argues that his accounts receivable have continued in the same cycle of billing and collection over the past 11 years and that, therefore, it is obvious that the district court anticipated that appellant would continue with the same pattern of adjusted gross income in its determination of child support and alimony. Appellant claims the district court erred in relying on the accounts receivable as part of his income for child support and alimony and making them subject to division as a marital asset.

Appellant also relies upon *In re Marriage of Hubert v. Hubert*, 159 Wis. 2d 803, 465 N.W.2d 252 (Wis. App. 1990), in which the appellate court considered whether the husband's accounts receivable were properly classified as anticipated income rather than assets subject to property division. The husband's corporation had some $400,000 in accounts receivable with a stipulated net present value of $192,125. The trial court reasoned that if the receivables were treated as a divisible asset, the husband's cash-flow would be adversely

affected and he would not have the income to fulfill his professional and personal obligations. The appellate court concluded that this analysis was a proper exercise of the trial court's discretion and affirmed the trial court's holding that the accounts receivable should be treated as anticipated income.

We decline to adopt any rule that expressly permits or denies a trial court's consideration of accounts receivable as a marital asset for division in a dissolution action. Alimony and distribution of property rights have different purposes.

> While the criteria for reaching a reasonable division of property and a reasonable award of alimony may overlap, the two serve different purposes and are to be considered separately. The purpose of a property division is to distribute the marital assets equitably between the parties. The purpose of alimony is to provide for the continued maintenance or support of one party by the other when the relative economic circumstances and the other criteria enumerated in this section make it appropriate.

Neb. Rev. Stat. § 42–365 (Reissue 1993). The ultimate test for determining the appropriateness of the division of property, as well as alimony, is reasonableness as determined by the facts of each case. See *Thiltges v. Thiltges*, 247 Neb. 371, 527 N.W.2d 853 (1995). Under the facts of this case, the district court did not abuse its discretion by including the accounts receivable in the marital estate.

### Valuation of Angus Bull

Next, appellant assigns as error the district court's valuation of an Angus bull which was part of the marital estate. Half of the animal was owned jointly by the parties, and half was owned by appellee's father. Appellant argues that his interest in the animal was valued at the sale price of $525, when it should have been valued at $1,615 based upon a tax valuation from the Seward County assessor's office.

The sale of the animal took place at a recognized sale barn at a time when breeding stock was normally sold. The sale was properly advertised, and an auctioneer testified that the sale price represented the fair market value of the animal. The district court's determination of this value was not clearly

erroneous. See *Lockwood v. Lockwood*, 205 Neb. 818, 290 N.W.2d 636 (1980).

## ATTORNEY FEES

Finally, appellant assigns as error the district court's award of attorney fees. Appellant asserts that the district court erred in requiring him to pay attorney fees and in denying his request for attorney fees.

Attorney fees are recoverable in Nebraska only where provided by statute or allowed by custom. *Murrell v. Murrell*, 232 Neb. 247, 440 N.W.2d 237 (1989). It is the custom to award attorney fees in appropriate circumstances in divorce cases. *Id.* The award of attorney fees in a dissolution action involves consideration of such factors as the nature of the case, the amount involved in the controversy, the services performed, the results obtained, the length of time required for preparation of the case, the skill devoted to preparation and presentation of the case, the novelty and difficulty of the questions raised, and the customary charges of the bar for similar services. *Id.*

In actions for dissolution of marriage, an award of attorney fees is reviewed de novo on the record to determine whether there has been an abuse of discretion by the trial judge. See *Reichert v. Reichert*, 246 Neb. 31, 516 N.W.2d 600 (1994). We find no abuse of discretion in the district court's award of attorney fees.

## CONCLUSION

The judgment of the district court is affirmed.

AFFIRMED.

FAHRNBRUCH, J., participating on briefs.