**In the Matter of Robert Kent LICHTY, Debtor.**

**No. BK98–41460.**

United States Bankruptcy Court, D. Nebraska.

July 5, 2000.

Richard P. Garden, Jr., Lincoln, NE, for Citizens State Bank.

P. Stephen Potter, Gothenburg, NE, for debtor.

## MEMORANDUM

JOHN C. MINAHAN, Jr., Bankruptcy Judge.

This Chapter 12 case presents the question of whether the holder of a secured claim should be allowed post-confirmation attorney's fees under 11 U.S.C. § 506(b). Post-confirmation attorney fees are not allowed.

### FACTS

This is a Chapter 12 bankruptcy case in which Citizens State Bank (the "Bank") holds an allowed secured claim which is provided for in the confirmed plan. The Bank's allowed secured claim includes attorney fees and expenses incurred by the Bank before the Chapter 12 plan was confirmed. After confirmation of the plan, the Bank incurred additional attorney fees related to the debtor's loan and to this bankruptcy case, including: the preparation of documents to be recorded pursuant to the confirmed plan; contacts with law enforcement officials regarding alleged unauthorized grain sales by the debtor; preparation of a confirmation order; and the debtor's subsequent default under the confirmed plan. In the motion now before this Court, the Bank seeks allowance of the post-confirmation attorney fees.

### LAW

In the United States, a prevailing litigant is usually not entitled to collect attorney fees. *The American Rule* limits the award of attorney fees unless expressly authorized by statute or by custom. *Alyeska Pipeline Service Company v. Wilderness Society,* 421 U.S. 240, 247, 95 S.Ct. 1612, 1616, 44 L.Ed.2d 141 (1975).

Nebraska has long followed *The American Rule. Matter of American Beef Packers, Inc.,* 548 F.2d 246, 247 (8th Cir. 1977); *Murrell v. Murrell,* 232 Neb. 247, 253, 440 N.W.2d 237, 241 (1989). For example, even when faced with Uniform Commercial Code § 9–504(1)(a), which permits recovery of attorney fees by an Article 9 secured creditor from proceeds of collateral, the Nebraska Supreme Court has concluded that the UCC provision does not modify Nebraska's basic adherence to *The American Rule.* As construed by the Nebraska Supreme Court, attorney fees are allowed under UCC § 9–504(1)(a) only in circumstances where the creditor actually sells the collateral, collects proceeds, and recovers attorney's fees therefrom. *First National Bank in Ord v. Schroeder,* 218 Neb. 397, 400, 355 N.W.2d 780, 782–83 (1984). Statutes in derogation of the common law continue to be strictly construed in Nebraska. On the facts of this case, the Bank holds a deed of trust on the debtors' real estate. Nebraska statutes provide for the recovery of costs and expenses associated with exercising the power of sale and the sale of real estate under a trustee deed. NEB. REV. STAT. § 76–1011. The statutes do not explicitly allow for payment of attorney's fees. Even if the Nebraska trust deed statutes were construed as permitting recovery of attorney fees, I am confident that the Nebraska Supreme Court would adhere to *The American Rule* and only permit recovery of attorney fees if the real estate subject to the trust deed was sold.

In bankruptcy cases, *The American Rule* is modified by 11 U.S.C. § 506, which provides:

> (b) To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement under which such claim arose.

The Bank asserts that it is entitled to post-confirmation attorney fees under § 506 and that Nebraska law does not govern.

### DISCUSSION

I conclude that 11 U.S.C. § 506(b) is not applicable and that, under Nebraska

law, the claim for attorney fees is not allowed.

Under § 506(b), a secured creditor is allowed attorney fees if the creditor is over secured, and the allowed secured claim plus the attorney fees, costs, and interest are less than the value of the property which secures the indebtedness.

The Bank urges a broad interpretation of § 506 to allow attorney's fees both pre-confirmation and post-confirmation. Such a broad interpretation would make an unwarranted intrusion upon state law. The Supreme Court has succinctly stated:

> "We are asked to fashion a far reaching exception to this 'American Rule': but having considered its origin and development, we are convinced that it would be inappropriate for the Judiciary, without legislative guidance, to reallocate the burdens of litigation in the manner and to the extent urged by respondents..."

*Alyeska Pipeline Service Company v. Wilderness Society,* 421 U.S. 240, 247, 95 S.Ct. 1612, 1616, 44 L.Ed.2d 141 (1975). Furthermore, in *Rake v. Wade,* 508 U.S. 464, 113 S.Ct. 2187, 124 L.Ed.2d 424 (1993), the Supreme Court, in a general discussion of § 506, observed *in dicta,* "... the rights granted under Section 506(b) are relevant only until confirmation of the plan ..." and "... § 506(b) applies only from the date of filing through the confirmation date." *Rake* at 468, 113 S.Ct. at 2190. Accordingly, § 506 provides no authority or support for allowance of post-confirmation attorney fees. *Accord, In re Telfair,* 224 B.R. 243, 247 (Bankr.S.D.Ga.1998) ("... § 506(b) has no application to claimed post confirmation attorney fees and expenses.").

Section 506(b) is relevant to the determination of the amount of an allowed secured claim for purposes of confirmation and for purposes of various pre-confirmation proceedings, such as motions for relief from the stay of § 362. Section 506 does not govern the enforceability and allowance of interests, costs and expenses that arise after the Plan is confirmed.

■ The allowance of attorney fees for services rendered after confirmation of a plan is a question of state law and Nebraska law is applicable. *See Butner v. U.S.,* 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979).

■ Under Nebraska law, the Bank is not entitled to post-confirmation attorney fees. There has been no sale of the real estate subject to the trust deed. And, absent sale, there is no Nebraska statutory authority for the award of attorney fees. As stated by the Nebraska Supreme Court in another context:

> "...we hold that a provision in a security agreement which seeks to impose an attorney fee on a debtor as a part of the costs of suit to enforce the security agreement and its underlying contract is contrary to the public policy of Nebraska and, therefore, void and unenforceable."

*First Nat'l Bank in Ord v. Schroeder,* 218 Neb. 397, 401, 355 N.W.2d 780, 783 (1984).

For the above-stated reasons, Citizens' application for allowance of post-confirmation attorney's fees is denied.